1   JODY A. LANDRY, Bar No. 125743
    jlandry@littler.com
2   JENNIFER E. SAVION, Bar No. 298031
    jsavion@littler.com
3   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
4   San Diego, CA 92101.3577
    Telephone: 619.232.0441
5   Facsimile: 619.232.4302

6   Attorneys for Defendants
    APOLLO EDUCATION GROUP, INC. AND THE
7   UNIVERSITY OF PHOENIX, INC.

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  CARMIN TANDY, Individually and      Case No. '15CV240   DMS KSC
    on Behalf of Other Members of the
11  Public Similarly Situated,
                                        (San Diego County Superior Court Case
12                  Plaintiff,          No. 37-2014-00043446-CU-OE-CTL)

13                                      DEFENDANTS' NOTICE TO
    v.                                  FEDERAL COURT OF REMOVAL
14                                      OF CIVIL ACTION FROM STATE
                                        COURT PURSUANT TO 28 U.S.C.
15  APOLLO EDUCATION GROUP,             §§ 1331(A)(1), 1441(B) AND 1446
    INC., THE UNIVERSITY OF
16  PHOENIX, INC., and DOES 1-10,       Complaint filed: December 24, 2014
    Inclusive,
17
                    Defendants.
18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF CARMIN

20  TANDY, AND HER ATTORNEYS OF RECORD:

21          PLEASE TAKE NOTICE that Defendants APOLLO EDUCATION GROUP,

22  INC. and THE UNIVERSITY OF PHOENIX, INC. ("Defendants"), hereby remove

23  the above-entitled action, Case No. 37-2014-00043446-CU-OE-CTL, from the

24  Superior Court of the State of California, County of San Diego, to the United States

25  District Court for the Southern District of California.

26          Removal is pursuant to 28 U.S.C. §§ 1332, 1444, and 1446, on the following

27  grounds:

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(Case No. _____)              NOTICE OF REMOVAL TO FEDERAL
                                     COURT

# I.
# JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which a member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

# II.
# VENUE

2. Plaintiff Carmin Tandy ("Plaintiff") filed this action in the Superior Court of California for the County of San Diego. Thus, venue properly lies in the United States District Court for the Southern District of California. *See* 28 U.S.C. §§ 84(d), 1391(a), and 1441(a).

# III.
# NOTICE OF REMOVAL

3. On or about December 24, 2014, Plaintiff CARMIN TANDY ("Plaintiff") filed a Complaint for Damages in the Superior Court of the State of California for the County of San Diego in the State of California: *Carmin Tandy, Individually and on Behalf of Other Members of the Public Similarly Situated, v. Apollo Education Group, Inc., The University of Phoenix, Inc., and Does 1-10, inclusive*, Case No. 37-2014-00043446-CU-OE-CTL (hereinafter "the Complaint").

4. A copy of the Summons, Complaint, Civil Cover Sheet, Notices, Order, and Stipulations was served by personal service on Defendants on January 8, 2015. True and correct copies of the documents served on Defendants are attached hereto as follows:

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(Case No. _____ )     2.     NOTICE OF REMOVAL TO FEDERAL COURT

1      a.  The Complaint is attached hereto as Exhibit "A."

2      b.  The Summons is attached hereto as Exhibit "B."

3      c.  The Civil Cover Sheet is attached hereto as Exhibit "C."

4      d.  The notice of Case Assignment and Case Management Conference

5          is attached hereto as Exhibit "D."

6      5.     On or about January 27, 2015, Plaintiff filed a First Amended Complaint

7  ("FAC").   It was served on Defendants on or about January 30, 2015.   The First

8  Amended Complaint is attached hereto as Exhibit "E."

9      6.     This Notice of Removal is filed within 30 days after the initial receipt by

10  Defendants of a copy of Plaintiff's Complaint in accordance with 28 U.S.C.

11  § 1446(b).

12      7.     A copy of this Notice of Removal will be filed with the clerk of the San

13  Diego County Superior Court, and served upon all parties, as required by 28 U.S.C. §

14  1446(d).

15      8.     Defendants have good and sufficient defenses to this action and do not

16  waive any defenses, jurisdictional or otherwise, by filing this Notice of Removal.

17      9.     As of the date of filing of this Notice of Removal, both named

18  Defendants have been served with the Summons and Complaint, and each consents

19  and joins in this removal.   This Removal is timely in that it has been filed within thirty

20  (30) days of Defendants being served with the Summons and Complaint.   *Murphy*

21  *Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999).

22              **DIVERSITY JURISDICTION PURSUANT TO CAFA**

23      10.    As set forth below, this Court has jurisdiction over this case under

24  CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions

25  of 28 U.S.C. § 1441(a), because it is a civil class action wherein:  (A) there is diversity

26  between at least one class member and Defendant; (B) the proposed class contains at

27  least 100 members; (C) Defendant is not a state, state official or other governmental

28  entity; and (D) the total amount in controversy for all class members exceeds

(Case No. _____ )                3.      NOTICE OF REMOVAL TO FEDERAL
                                               COURT

$5,000,000.

## DIVERSITY OF CITENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS

11.     CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which the defendant is not a citizen.   See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

12.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13.     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business."   28 U.S.C. § 1332(c)(1).   As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the phrase "principal place of business" in § 1332(c)(1) refers to the place where "a corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center."  *Id.* at 1192.

14.     Plaintiff concedes she is a citizen of the State of California.  (FAC ¶ 3.)

15.     Defendant Apollo Education Group, Inc. was at the time of the filing of this action, and remains, a citizen of the State of Arizona, in that it was and continues to be a corporation incorporated under the laws of the State of Arizona, with its principal place of business and corporate headquarters outside of California. Declaration of Barbara Taylor In Support Of Defendants Notice To Federal Court Of Removal Of Civil Action From State Court ("Taylor Decl."), ¶ 5.

16.     Defendant The University of Phoenix, Inc. was at the time of the filing of this action, and remains, a citizen of the State of Arizona, in that it was and continues

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(Case No. _____ )     4.     NOTICE OF REMOVAL TO FEDERAL COURT

1  to be a corporation incorporated under the laws of the State of Arizona, with its

2  principal place of business and corporate headquarters outside of California. Taylor

3  Decl., ¶ 4.

4       17.   Defendants Does 1 through 10 are fictitious. The First Amended

5  Complaint does not set forth the identity or status of any said fictitious defendants, nor

6  does it set forth any charging allegation against any fictitious defendants. Pursuant to

7  §1441(b), the citizenship of defendants sued under fictitious names must be

8  disregarded for the purposes of determining diversity jurisdiction and cannot destroy

9  the diversity of citizenship between the parties in this action. *Newcombe v. Adolf*

10  *Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

11       18.   As set forth above, Plaintiff is a citizen of California (FAC ¶ 3) and

12  Defendants are incorporated and have their principal place of business outside

13  California. Accordingly, the minimal diversity requirement of 28 U.S.C. §

14  1332(d)(2)(A) is satisfied, as the named Plaintiff is a citizen of a state different from

15  the state of citizenship of Defendants.

16       **THE PROPOSED CLASSES HAVE OVER 4000 MEMBERS**

17       19.   The CAFA provides that "the number of members of all proposed

18  plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B).

19  "Class members" is defined as those "persons (named or unnamed) who fall within

20  the definition of the proposed or certified class in a class action." 28 U.S.C. §

21  1332(d)(1)(D).

22       20.   This lawsuit has been filed as a class action and the First Amended

23  Complaint is captioned as a "Class Action."

24       21.   There are three proposed classes Plaintiff seeks to represent. (FAC ¶ 14.)

25       22.   The "Faculty Class" consists of "any and all persons who are or were

26  employed as on-line/virtual faculty members/instructors, however titled, by

27  [Defendants] to perform work in the state of California within four years prior to the

28  filing of the original Complaint in this action until resolution of this lawsuit." (FAC ¶

(Case No. _____ )     5.     NOTICE OF REMOVAL TO FEDERAL
COURT

14.) This class consists of approximately 2183 members. Declaration of Brian Skinnell In Support Of Defendants' Notice To Federal Court Of Removal Of Civil Action From State Court ("Skinnell Decl."), ¶ 3.

23. The "Waiting Time Sub-Class" consists of "any and all persons who are or were employed as on-line/virtual faculty members/instructors, however titled, by [Defendants] to perform work in the state of California and whose employment with [Defendants] ended at any time after the date that is three years prior to the filing of the original Complaint in this action." (FAC ¶ 14.) This class consists of approximately 655 members. Skinnell Decl., ¶ 4.

24. The "Pay Stub Class" consists of "any and all persons who are or were employed as faculty members/instructors, however titled, by [Defendants] to perform work in the state of California and had a wage statement issued at any point within one year prior to the filing of the original Complaint in this action until resolution of this lawsuit." (FAC ¶ 14.) This class consists of approximately 4051 members. Skinnell Decl., ¶ 5.

## THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

25. This Court has jurisdiction under CAFA, which authorizes the removal of a class action in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

26. The First Amended Complaint is silent as to the total amount in controversy. Plaintiff's failure to specify the total amount of damages or other monetary relief in the First Amended Complaint, however, does not deprive this Court of jurisdiction. *See White v. J. C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiffs to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining … to place a specific dollar claim upon its claim."). In fact, as recently clarified by the Supreme Court Of The United States in the case of *Dart Cherokee Basin Operating Company,*

(Case No. _____ )          6.          NOTICE OF REMOVAL TO FEDERAL COURT

*LLC v. Owens*, 135 S.Ct. 547 (2014), all a defendant needs to do is present a plausible explanation that supports removal jurisdiction. In that matter the Supreme Court faced the issue of whether:

> [t]o assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate in the notice of removal evidence supporting the allegations? . . . The answer, we hold, is supplied by the removal statue itself. **A statement 'short and plain" need not contain evidentiary submissions.** (emphasis supplied).

*Id.* at 551. The Supreme Court further explained that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or the court. *Id.* at 553. It is only if the jurisdiction is challenged that the defendant is required to present evidence and then the court determines whether or not jurisdiction exists, using a preponderance of the evidence standard. *Id.* at 553-554.

27.    Based on the above, Defendants can establish the amount in controversy by relying upon the allegations in the First Amended Complaint, and by setting forth a "short and plain" statement that supports its allegation that the amount in controversy exceeds $5,000,000.

28.    On behalf of herself and the putative class members, which as is established above exceeds 4000 individuals, Plaintiff seeks: (i) reimbursement for business expenses under Labor Code § 2802 (FAC ¶¶ 34-37); (ii) payment of minimum wage and associated waiting time penalties under Labor Code §§ 201, 202, 203, 1194, 1194.2, and 1197 (FAC ¶¶ 39-44); (iii) waiting time penalties under Labor Code §§ 201, 202 and 203 (FAC ¶¶ 46-47); (iv) damages for alleged inaccurate wage statements under Labor Code § 226(a) (FAC ¶¶ 49-56); (v) restitution and injunctive relief for violation of Business & Professions Code §17200, *et seq.*, among other claims and remedies (FAC ¶¶ 58-62); and penalties pursuant to the Private Attorney General Act ("PAGA") for violations of Labor Code §§ 201-203, 204, 226, 1197, 1198, and 2802. (FAC ¶¶ 64-90.) As set forth below, the facial allegations in

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(Case No. _____ )    7.    NOTICE OF REMOVAL TO FEDERAL COURT

1    Plaintiff's First Amended Complaint and the total amount of monetary relief at issue

2    in this action is in excess of this Court's jurisdictional minimum under CAFA.

3          29.    Defendants deny the validity and merit of the entirety of Plaintiff's

4    alleged claims, the legal theories upon which they are ostensibly based and the alleged

5    claims for monetary and other relief that flow therefrom.  For purposes of removal

6    only, however, and without conceding that Plaintiff or the putative class is entitled to

7    any damages or penalties whatsoever, it is readily apparent that the aggregated claims

8    of the putative class establishes that the amount in controversy well exceeds the

9    jurisdictional minimum of $5,000,000.  Defendants reviewed the potential value of the

10   third and fourth causes of action seeking penalties under Labor Code section 226

11   (related to alleged inaccurate pay statements), and seeking waiting time penalties

12   under Labor Code section 203, and determined that the potential value of those two

13   claims alone for the alleged putative classes exceeds $5,000,000.   This was

14   determined by reviewing the number of earnings statements issued to the Pay Stub

15   Class during the relevant time period, and by determining potential waiting time

16   penalties allegedly owed to the Waiting Time Sub-class.   Skinner Decl., ¶ 6.

17         30.    Plaintiff also seeks to recover alleged unpaid minimum wages and

18   expenses (which are detailed in the FAC) under California Labor Code section 2802

19   for the putative Faculty Subclass.  Undoubtedly the value Plaintiff will seek to recover

20   for these two claims for herself and the putative class increases the amount in

21   controversy well above $5,000,000.

22         31.    Plaintiff also seeks to recover attorneys' fees pursuant to California

23   Labor Code §§ 218.5, 1194, and 2802, among other statutory provisions.  (FAC at pp.

24   25-26.)  It is well settled that, in determining whether a complaint meets the amount in

25   controversy requirement, the Court should consider the aggregate value of claims for

26   damages as well as attorneys' fees.  *See, e.g., Lowdermilk v. U.S. Bank Nat'l Ass'n*,

27   479 F.3d 994, 1000 (9th Cir. 2007); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980

28   (9th Cir. 2005).  While it would be premature at this point to place an estimated value

(Case No. _____ )       8.    NOTICE OF REMOVAL TO FEDERAL COURT

on an award of attorney's fees, the potential for such an award moves the amount in controversy even further beyond the $5,000,000 threshold.

32. Accordingly, although Defendants deny Plaintiff's claims of wrongdoing and denies her requests for relief thereon, the jurisdiction minimum for purposes of determining amount in controversy under CAFA is satisfied as it clearly exceeds the required $5,000,000 threshold by a substantial amount. Accordingly, this Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and removal of this case is appropriate pursuant to the provisions of 28 U.S.C. § 1441(a), as there is diversity between at least one class member and Defendants; the proposed class contains well over 100 members; Defendants are not a state, state official, or other governmental entity; and the total amount in controversy for all potential class members exceeds $5,000,000.

## IV.
## NOTICE TO PLAINTIFF AND STATE COURT

33. Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record, Brian J. Robbins and Diane E. Richard of Robbins Arroyo LLP and Matthew S. Dente of The Dente Law Firm. A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of San Diego, California.

Dated:   February 5, 2015

/s/ Jody A. Landry
JODY A. LANDRY
JENNIFER E. SAVION
LITTLER MENDELSON, P.C.
Attorneys for Defendants
APOLLO EDUCATION GROUP, INC.
AND THE UNIVERSITY OF
PHOENIX, INC.

Firmwide:131553552.1 073540.1096

(Case No. _____ )         9.         NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT A
# TO NOTICE OF REMOVAL

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/24/2014** at 12:04:39 PM
Clerk of the Superior Court
By Rhonda Babers, Deputy Clerk

1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (SB# 190264)
2  DIANE E. RICHARD (SB# 204897)
   600 B Street, Suite 1900
3  San Diego, CA 92101
   Telephone: (619) 525-3990
4  Facsimile: (619) 525-3991
   brobbins@robbinsarroyo.com
5  drichard@robbinsarroyo.com

6  THE DENTE LAW FIRM
   MATTHEW S. DENTE (SB# 241547)
7  600 B Street, Suite 1900
   San Diego, CA 92101
8  Telephone: (619) 550-3475
   Facsimile: (619) 342-9668
9  matt@dentelaw.com

10 Attorneys for Plaintiff Carmin Tandy

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SAN DIEGO

13 CARMIN TANDY, Individually and on Behalf    Case No. 37-2014-00043446-CU-OE-CTL
   of Other Members of the Public Similarly
14 Situated,
                                               **CLASS ACTION COMPLAINT FOR:**
15                    Plaintiff,
                                               **(1)   FAILURE TO INDEMNIFY;**
16         v.                                  **(2)   FAILURE TO PAY MINIMUM**
                                               **       WAGES;**
17 APOLLO EDUCATION GROUP, INC.,               **(3)   FAILURE TO PAY WAGES**
   THE UNIVERSITY OF PHOENIX, INC., and        **       TIMELY ON TERMINATION;**
18 DOES 1-10, Inclusive,                       **(4)   FAILURE TO PROVIDE AND**
                                               **       MAINTAIN COMPLIANT**
19                    Defendants.              **       ITEMIZED WAGE STATEMENTS;**
                                               **       AND**
20                                             **(5)   UNFAIR COMPETITION**

21                                             **DAMAGES EXCEED $25,000**

22                                             **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

_____
                          CLASS ACTION COMPLAINT

1      COMES NOW Plaintiff Carmin Tandy ("Plaintiff"), on behalf of herself and as a

2 representative of employees of Apollo Education Group, Inc., ("Apollo"), The University of

3 Phoenix, Inc. ("UOP"), and Does 1-10, inclusive (collectively, with Apollo and UOP,

4 "Defendants"), and asserts the following claims:

5     1.     This is a class action arising from Defendants' systematic violations of the

6 California Labor Code pertaining to Defendants': (i) failure to indemnify employees for business

7 expenses and losses; (ii) failure to pay employees at least the minimum wage rate; (iii) failure to

8 pay timely wages upon separation from employment; (iv) failure to issue and maintain compliant

9 itemized wage statements; and (v) claims for unfair competition.

10     2.     On December 24, 2014, Plaintiff filed an exhaustion letter with the California

11 Labor and Workforce Development Agency ("LWDA") providing notice of her intent to bring a

12 private attorneys general action for recovery of penalties under the California Labor Code

13 Private Attorneys General Act of 2004, California Labor Code §2698, *et seq.* ("PAGA"). *See*

14 *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). PAGA permits an "aggrieved employee" to

15 bring a lawsuit for civil penalties for California Labor Code violations committed against himself

16 or herself and other current and former employees, to address an employer's violations of the

17 California Labor Code. Upon the conclusion of the PAGA exhaustion period, Plaintiff will

18 amend her Complaint, as permitted by law, to seek penalties as a private attorney general for the

19 California Labor Code violations committed against her and Defendants' other current and other

20 former California employees.

21     3.     Plaintiff at all times mentioned in this Complaint was, a resident of San Diego,

22 California. During her employment with Defendants, Plaintiff worked for Apollo and UOP as an

23 on-line/virtual instructor ("Faculty" or "Faculty Member").[1] Plaintiff's employment with Apollo

24 ended on or about November 4, 2014.

25     4.     Upon information and belief, defendant Apollo and defendant UOP are both

26 companies that offer private education services including: undergraduate, graduate, professional

27

28 [1] Plaintiff's job title used interchangeably was "Faculty," "Faculty Member," and "Instructor."

1  development, and other non-degree educational programs.  Apollo is an employer of employees

2  throughout the state of California, including in the county of San Diego, California, as is UOP.

3    5.    Upon information and belief, defendant Apollo is an Arizona corporation with its

4  headquarters located in Phoenix, Arizona, and authorized to conduct business in California.

5    6.    Upon information and belief, defendant UOP is an Arizona corporation with its

6  headquarters located in Phoenix, Arizona, and authorized to conduct business in California.

7    7.    Whenever in this Complaint reference is made to any act, deed, or conduct of

8  Apollo, the allegation means that Apollo engaged in the act, deed, or conduct by or through one

9  or more of its officers, directors, agents, employees, or representatives, who was actively

10  engaged in the management, direction, control, or transaction of the ordinary business and affairs

11  of Apollo.

12    8.    Whenever in this Complaint reference is made to any act, deed, or conduct of

13  UOP, the allegation means that UOP engaged in the act, deed, or conduct by or through one or

14  more of its officers, directors, agents, employees, or representatives, who was actively engaged

15  in the management, direction, control, or transaction of the ordinary business and affairs of UOP.

16    9.    Plaintiff is ignorant of the true names and capacities, whether individual,

17  corporate, associate, or otherwise, of the defendants sued herein as Does 1–10, inclusive, and

18  therefore sues said defendants by such fictitious names ("Doe Defendants").  Plaintiff will amend

19  this Complaint to insert the true names and capacities of the Doe Defendants at such time as the

20  identities of the Doe Defendants are ascertained.

21    10.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants

22  are the partners, agents, or principals and/or co-conspirators of Apollo and UOP, and of each

23  other; that Apollo, UOP, and the Doe Defendants performed the acts and conduct herein alleged

24  directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and

25  accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is

26  liable to the extent of the liability of Apollo and UOP as alleged herein.

27    11.    Plaintiff is further informed and believes, and thereon alleges, that at all times

28  herein material, each Defendant was completely dominated and controlled by its co-Defendants

1  and each was the alter ego of the other.  Whenever and wherever reference is made in this

2  Complaint to any conduct by Apollo, UOP, or Defendants, such allegations and references shall

3  also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and

4  severally.  Whenever and wherever reference is made to individuals who are not named as

5  defendants in this Complaint, but were employees and/or agents of Defendants, such individuals

6  at all relevant times acted on behalf of Defendants named in this Complaint within the scope of

7  their respective employments.

8                                    **CLASS ACTION ALLEGATIONS**

9       12.    Plaintiff brings her claim for relief in this action on behalf of herself as well as on

10  behalf of each and all other persons similarly situated, and thus, seeks class certification under

11  California Code of Civil Procedure §382.

12       13.    All claims alleged herein arise under California law for which Plaintiff seeks

13  relief as authorized by California law.

14       14.    With respect to Plaintiff's First through Fifth Causes of Action, the proposed

15  Classes and Sub-Class are comprised of and defined as:

16  Any and all persons who are or were employed as on-line/virtual faculty
    members/instructors, however titled, by Apollo Education Group, Inc. and/or The
17  University of Phoenix, Inc. to perform work in the state of California within four
    years prior to the filing of the original Complaint in this action until resolution of
18  this lawsuit (hereinafter collectively referred to as the "Faculty Class").

19  Any and all persons who are or were employed as on-line/virtual faculty
    members/instructors, however titled, by Apollo Education Group, Inc. and/or The
20  University of Phoenix, Inc. to perform work in the state of California and whose
    employment with Apollo Education Group, Inc. and/or The University of
21  Phoenix, Inc. ended at any time after the date that is three years prior to the filing
    of the original Complaint in this action (hereinafter collectively referred to as the
22  "Waiting Time Sub-Class").

23  Any and all persons who are or were employed as faculty members/instructors,
    however titled, by Apollo Education Group, Inc. and/or The University of
24  Phoenix, Inc. to perform work in the state of California and had a wage statement
    issued at any point within one year prior to the filing of the original Complaint in
25  this action until resolution of this lawsuit (hereinafter collectively referred to as
    the "Pay Stub Class").
26

27

28

15.    The members of the Faculty Class and the Waiting Time Sub-Class, and the Pay Stub Class (collectively the "Classes" or "Class Members") are so numerous as to make it impracticable to bring them all before this Court. Plaintiff is unable to state the exact number of Class Members without discovery of Defendants' books and records, but avers upon information and belief that each of the Classes exceed fifty members. The identity of Class Members is readily ascertainable by an inspection of Defendants' employment and payroll records.

16.    There are questions of law and fact common to the members of each of the Classes that predominate over any questions affecting any individual in the Classes. Defendants have acted, and refused to act, on grounds generally applicable to members of the Classes.

17.    Plaintiff's claims are typical of the claims of the Class Members and Plaintiff will fairly and adequately protect the interests of these members.

18.    The prosecution of separate actions by individual members of the Classes would create the risk of:

(a)    Inconsistent or varying adjudications in different jurisdictions with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants; and

(b)    Adjudications with respect to individual Class Members which, as a practical matter, would be dispositive of the interests and rights of Class Members who are not parties to the adjudications, or would substantially impair or impede the ability of Class Members to protect their interests.

19.    At all times relevant to this action, Defendants have enacted and effected unlawful and unfair state-wide employment policies and practices which have caused Plaintiff and members of the Classes to suffer injury. A class action is superior to other available methods for the fair and efficient adjudication of Defendants' policies and practices and the damage they caused Plaintiff and members of the Classes to suffer and which are the subject matter of this action.

20.    Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect

- 4 -

1  retaliation.  Former employees are fearful of bringing actions because they believe their former

2  employers may damage their future endeavors through negative references and/or other means.

3  The nature of this action allows for the protection of current and former employees' rights

4  without fear for retaliation or damage.

5      21.    The claims asserted herein implicate questions of law or fact common to members

6  of the Classes.    These common questions predominate over any questions affecting only

7  individual Class Members.  Common questions include, but are not limited to:

8          (a)    Whether Defendants failed to maintain and provide Pay Stub Class

9  members with wage statements that complied with the requirements of California Labor

10  Code §226(a);

11          (b)    Whether Defendants failed to provide members of the Faculty Class and

12  Waiting Time Sub-Class with all required minimum wages in violation of California Labor Code

13  §§1197 and 1198 and the applicable California Industrial Welfare Commission ("IWC") Wage

14  Order;

15          (c)    Whether Defendants unlawfully failed to indemnify members of the

16  Faculty Class for business expenditures and losses in violation of California Labor Code §2802;

17          (d)    Whether Defendants unlawfully failed to pay timely wages to members of

18  the Waiting Time Sub-Class in violation of California Labor Code §§201 and 202;  .

19          (e)    Whether Defendants engaged in unfair competition in violation of

20  California Business and Professions Code §§17200, *et seq.*; and

21          (f)    The appropriate amount of penalties, damages, and restitution resulting

22  from Defendants' violations of California law.

23              **FACTUAL ALLEGATIONS**

24      22.    At all times set forth herein, Defendants employed, and continue to employ,

25  employees throughout the state of California.    Defendant Apollo and Defendant UOP, are

26  employers, within the meaning set forth in the California Labor Code, including §226(a).  Apollo

27  and UOP offer its employees a variety of educational positions including faculty and instructor

28  positions in both a virtual/on-line setting as well as a brick and mortar setting.

- 5 - -

CLASS ACTION COMPLAINT

23.     Plaintiff is a former employee of Defendants who worked for the Defendants as a Faculty Member.   At times relevant, she held a position as Faculty.   Plaintiff worked for Defendants at times during the relevant period specified herein, through on or about November 4, 2014.   On or about November 4, 2014, Plaintiff was informed that future contracts to her would be ceased.

24.     Plaintiff and other members of the Faculty Class, Pay Stub Class and Waiting Time Sub-Class, have been at times pertinent hereto, non-exempt employees of Defendants within the meaning of the California Labor Code and the implementing rules and regulations of the California IWC Wage Orders.

25.     During the relevant time frame, Defendants knowingly and intentionally failed, and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage statements that contained the information required by California Labor Code §226(a).  The wage statements Defendants have provided to Plaintiff and other Pay Stub Class, systematically fail to accurately: (i) state the inclusive dates of the period for which the employee is paid – the pay period begin date is omitted from the itemized wage statements issued in years prior to 2014; (ii) state the name of the legal entity that is the employer – the sole employer name on the wage statements issued prior to 2014 is University of Phoenix, whereas the Internal Revenue Service ("IRS") Form W-2's for those years indicate the employer's name of University of Phoenix Inc., whereas the California Secretary of State has the entity name as The University of Phoenix, Inc. and whereas other documents show that the employer's name is Apollo Education Group, Apollo Education Group, Inc. and/or Apollo Group, and in 2014, both Apollo Education Group and University of Phoenix is listed on the wage statements, whereas the California Secretary of State has Apollo listed as Apollo Education Group, Inc., and UOP listed as The University of Phoenix, Inc.; and (iii) itemize all gross and net wages earned, and the applicable hourly rates in effect each pay period and/or the corresponding number of hours worked at each hourly rate including the rate of pay, the number of piece-rate units when applicable, the total hours worked by the employee, and the accurate inclusive pay period begin and end dates associated with the payment of the wages – for example in 2013, the Earnings Statement provided to Plaintiff with an advice

- 6 -

1   date of 12/27/2013 and a period ending date of 12/21/13, does not include a pay period begin

2   date, and does not indicate an hourly rate of pay for the Classroom Payment (but rather indicates

3   a flat sum payment) nor hours worked for the associated Classroom Payment; and as a further

4   example, in 2014, the Pay Statement issued to Plaintiff with a pay date of 2/21/2014, indicates

5   that it is for a period start date of 2/2/14 and a period end date of 2/15/14, but this Pay Statement

6   lists Plaintiff's Pay Rate as $0.00, her Hours as 0.0000, her Total Hours as 0.0000, and further

7   lists two flat sum amounts without any reference to which inclusive pay periods these flat sum

8   amounts are for, the associated hourly rate of pay, and the associated hours worked.  These

9   systematic errors make it difficult for Plaintiff and other Pay Stub Class members to determine

10  whether they have been properly paid, what time periods they are being paid for and whether

11  they are being paid timely, whether their hours are reported correctly, and who the exact

12  employing legal entities are.  These errors certainly require Plaintiff and other Pay Stub Class

13  members to review other documents and information to attempt to ascertain the information that

14  should have been reported on the wage statements.

15       26.     During the relevant time frame, Defendants were required to indemnify Plaintiff

16  and Faculty Class members for all expenditures and losses incurred by these employees in direct

17  consequence of the discharge of their duties or obedience to the directions of their employer.

18  These expenditures and losses include, but are not limited to, all tools and equipment required to

19  be purchased and/or used in the performance of their work for Defendants including a computer,

20  computer-related equipment and software, printer, printer ink and printer cartridge, internet,

21  personal e-mail account expenses, and telephone.  Defendants did not provide indemnification

22  for these expenditures and/or losses but required Plaintiff and Faculty Class members to provide

23  such tools, supplies, and equipment.  Defendants for example require Faculty Class members,

24  including Plaintiff to supply computers, printers, and communication devices and programs

25  (such as internet, e-mail and a working telephone) and programs for work and does not provide

26  these to them or provide reimbursement to Faculty Class members for expenditures or losses

27  associated with this requirement.  Plaintiff was therefore required to, and did, supply at a cost to

28  her, without any reimbursement from Defendants, computer, computer-related equipment and

CLASS ACTION COMPLAINT

1   software, printer, printer ink, and printer cartridge, internet, personal e-mail account expenses,

2   and telephone and related expenses.

3        27.    During the relevant time frame, Plaintiff, Faculty Class members, and Waiting

4   Time Sub-Class members were not exempt from receiving the applicable minimum wages.

5   Notwithstanding this, these persons had their rights violated through Defendants' failure to pay

6   applicable minimum wages.  Such violations resulted from Defendants' conduct which includes,

7   but is not limited to: (i) failing to pay for time spent working other than time spent for classroom

8   work (such as Defendants' failure to pay for administrative, non-classwork including, but not

9   limited to, reading, responding to, drafting documents, and correspondences and performing

10   other work relating to employment policies and procedures matters, faculty contract matters,

11   performance reviews, academic violation issues, classroom issues, faculty administration,

12   attendance matters, assigned module work, action plans, performance management matters,

13   meeting contractual obligations, information technology (IT) matters, purchasing and

14   maintaining supplies, tools, and equipment, reporting matters, and coaching matters); and (ii)

15   failing to pay Faculty Class Members for work performed during initial classes despite being

16   required to work during this time as part of a mentor/training-type program.

17        28.    During the relevant time frame, Plaintiff, Faculty Class members, and Waiting

18   Time Sub-Class members each were required to be paid timely during employment and upon

19   separation of employment in accordance with California Labor Code §§201, 202, and 204.

20   Defendants, through their actions including those alleged herein of not paying proper wages and

21   not paying timely, have not paid these employees all wages due during employment and, as

22   applicable, upon separation of employment.  California Labor Code §204 requires that wages be

23   paid within the timing requirements set forth in the statute.  Defendants failed to comply with the

24   timing requirements under California Labor Code §204 in that wages were paid after the times

25   set for in California Labor Code §204.  Labor performed between the 1st and the 15th days,

26   inclusive, of any calendar month was and is not paid for between the 16th and the 26th day of the

27   month during which the labor was performed, and labor performed between the 16th and the last

28   day, inclusive, of any calendar month, was and is not paid for between the 1st and the 10th day

- 8 -

1  of the following month.  Moreover, the wages are not paid within seven calendar days following

2  the close of the payroll period.  Defendants pay Faculty Class members without any regard to

3  when work is performed and without any regard to the close of the payroll period.  For example,

4  Defendants pay one installment of Faculty Class members' wages after all work for the class has

5  been fully completed and uploaded regardless of when the work was performed and without any

6  regard to the close of the payroll period.  As a result, often times, Defendants hold onto wages

7  for a longer time than permitted under California Labor Code §204 for their own benefit and

8  Faculty Class members are denied wages when due under this statute.  Likewise, because

9  Defendants have failed to pay all wages due as alleged herein, Waiting Time Sub-Class members

10  have failed to be paid all wages due and owing upon their separation of employment as set forth,

11  as applicable, under  California Labor Code §§201-202.

12      29.      During the relevant time frame, Defendants engaged in unlawful conduct and

13  unfair competition resulting in injury to Plaintiff and, on information and belief, others through

14  its violation of California's wage and hour laws alleged herein.

## CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION

**Class Claim for Violation of California Labor Code §2802 Against All Defendants**
**(For Failure to Indemnify for Employee Expenses)**

19      30.      Plaintiff repeats and incorporates herein by reference each and every allegation

20  contained above, as though fully set forth herein.

21      31.      California Labor Code §2802 provides in pertinent part that: "An employer shall

22  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

23  in direct consequence of the discharge of his or her duties...."

24      32.      During times relevant, Plaintiff and Faculty Class members have been required to

25  incur and pay for expenses and/or losses in the discharge of their employment duties including,

26  but not limited to, purchasing tools and equipment without reimbursement from Defendants.

27      33.      As a proximate result of Defendants' violations of California Labor Code §2802,

28  Plaintiff and Faculty Class members have been damaged in an amount according to proof.

- 9 -

CLASS ACTION COMPLAINT

34.     Plaintiff and Faculty Class members are entitled to recover the full amount of the expenses and losses they incurred in the course of their job duties, plus interest, attorneys' fees, and costs pursuant to California Labor Code §2802, in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §1197 Against All Defendants
### (Minimum Wage Claim)

35.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

36.     California Labor Code §1197 specifies that an employer engages in an unlawful act if it pays employees an amount less than the lawful minimum wage fixed by the California IWC Wage Order.

37.     The "Minimum Wages" section of the applicable California IWC Wage Order makes it unlawful for an employer to pay less than the applicable minimum wage for all hours worked, whether the remuneration is measured by time, piece, commission, or otherwise. Employers thus must pay non-exempt employees for all time worked; pay averaging, that is averaging paid, productive hours with non-paid, non-productive hours to satisfy minimum wage requirements, is not permitted *See Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005).

38.     During times relevant, Defendants failed to pay, at least minimum wages for all hours worked, to Plaintiff and members of the Faculty Class and Waiting Time Sub-Class. This occurred as a result of Defendants' conduct of, among other things: (i) failing to pay for time spent working other than time spent for classroom work (such as Defendants' failure to pay for administrative, non-classwork including, but not limited to, reading, responding to, drafting documents and correspondences and performing other work relating to employment policies and procedures matters, faculty contract matters, performance reviews, academic violation issues, classroom issues, faculty administration, attendance matters, assigned module work, action plans, performance management matters, meeting contractual obligations, IT matters, purchasing and maintaining supplies, tools, and equipment, reporting matters, and coaching matters); and (ii)

- 10 -

1  failing to pay Faculty Class members for work performed during initial classes despite being

2  required to work during this time as part of a mentor/training-type program.

3       39.     California Labor Code §§201 and 202 set forth timing requirements for the

4  payment of wages to employees during employment and to employees who are separating

5  employment with an employer.  A violation of California Labor Code §§201 and/or 202 results

6  in payment waiting time penalties under California Labor Code §203.

7       40.     During times relevant, Defendants failed to pay Plaintiff and members of the

8  Waiting Time Sub-Class wages timely in conformance with the requirements set forth in

9  California Labor Code §§201 and 202, as applicable.

10      41.     For this violation, Plaintiff and members of the Faculty Class are entitled to and

11 seek the payment of the unlawfully withheld minimum wages and further seek recovery of any

12 and all available remedies to the extent permissible including recovery of interest, attorneys' fees

13 and costs, and liquidated damages relating to any unpaid minimum wages under California Labor

14 Code §§1194 and 1194.2.  Further, Plaintiff and members of the Waiting Time Sub-Class who

15 have not been paid timely within the statutory period set forth in California Labor Code §§201

16 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

17                    **THIRD CAUSE OF ACTION**

18          **Class Claim for Violations of California Labor Code §§201 and 202**
                          **Against All Defendants**
19                  **(For Failure to Pay Wages Timely)**

20      42.     Plaintiff repeats and incorporates herein by reference each and every allegation

21 contained above, as though fully set forth herein.

22      43.     California Labor Code §§201 and 202 require an employer who discharges an

23 employee to pay compensation due and owing to said employee immediately upon discharge and

24 that if an employee voluntarily leaves his or her employment, his or her wages shall become due

25 and payable not later than seventy-two hours thereafter, unless the employee has given seventy-

26 two hours previous notice of his or her intention to quit, in which case the employee is entitled to

27 his or her wages on their last day of work.  California Labor Code §203 provides that if an

28 employer willfully fails to pay compensation promptly upon discharge, as required by California

- 11 -

CLASS ACTION COMPLAINT

1  Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of

2  continued compensation for up to thirty work days.

3      44.    During the relevant time period and through their conduct including that alleged

4  herein, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay

5  Plaintiff and members of the Waiting Time Sub-Class their wages, earned and unpaid, either at

6  the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants'

7  employ. Premium, regular, and minimum wages were improperly unpaid, but upon separation,

8  Defendants also failed to pay earned and calculable wages due and owing within the time frame

9  specified by California Labor Code §§201 and 202. Defendants' willful failure to pay Plaintiff

10  and Waiting Time Sub-Class members their wages earned and unpaid at the time of discharge, or

11  within seventy-two hours of their voluntarily leaving Defendants' employ, violates California

12  Labor Code §§201 and 202, as applicable. As a result, Defendants are liable to Plaintiff and

13  members of the Waiting Time Sub-Class for waiting time penalties under California Labor Code

14  §203, in an amount according to proof at the time of trial.

15                    **FOURTH CAUSE OF ACTION**

16  **Class Claim for Violation of California Labor Code §226(a) Against All Defendants**
                          **(Pay Stub Claim)**
17

18      45.    Plaintiff repeats and incorporates herein by reference each and every allegation

19  contained above, as though fully set forth herein.

20      46.    California Labor Code §226(a) sets forth reporting requirements for employers

21  when they pay wages. In relevant part, it states:

22        Every employer shall ... at the time of each payment of wages, furnish each of his
          or her employees ... an accurate itemized statement in writing showing (1) gross
23        wages earned, (2) total hours worked by the employee, except for any employee
          whose compensation is solely based on a salary and who is exempt from payment
24        of overtime under subdivision (a) of Section 515 or any applicable order of the
          Industrial Welfare Commission, (3) the number of piece-rate units earned and any
25        applicable piece rate if the employee is paid on a piece-rate basis, (4) all
          deductions, provided that all deductions made on written orders of the employee
26        may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
          dates of the period for which the employee is paid, (7) the name of the employee
27        and only the last four digits of his or her social security number or an employee
          identification number other than a social security number, (8) the name and
28

- 12 -

CLASS ACTION COMPLAINT

address of the legal entity that is the employer ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

47.    California Labor Code §226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

48.    California Labor Code §226(e)(2)(B) provides:

An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)[;] (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)[;] (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period[; and] (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

49.    The wage statements Defendants have provided to Plaintiff and other Pay Stub Class, systematically fail to accurately: (i) state the inclusive dates of the period for which the employee is paid – the pay period begin date is omitted from the itemized wage statements issued in years prior to 2014; (ii) state the name of the legal entity that is the employer – the sole employer name on the wage statements issued prior to 2014 is University of Phoenix, whereas

- 13 -

1  the IRS Form W-2's for those years indicate the employer's name of University of Phoenix Inc.,

2  whereas the California Secretary of State has the entity name as The University of Phoenix, Inc.

3  and whereas other documents show that the employer's name is Apollo Education Group, Apollo

4  Education Group, Inc., and/or Apollo Group, and in 2014, both Apollo Education Group and

5  University of Phoenix is listed on the wage statements, whereas the California Secretary of State

6  has Apollo listed as Apollo Education Group, Inc. and UOP listed as The University of Phoenix,

7  Inc.; and (iii) itemize all gross and net wages earned, and the applicable hourly rates in effect

8  each pay period and/or the corresponding number of hours worked at each hourly rate including

9  the rate of pay, the number of piece-rate units when applicable, the total hours worked by the

10  employee, and the accurate inclusive pay period begin and end dates associated with the payment

11  of the wages – for example in 2013, the Earnings Statement provided to Plaintiff with an advice

12  date of 12/27/2013 and a period ending date of 12/21/13, does not include a pay period begin

13  date, and does not indicate an hourly rate of pay for the Classroom Payment (but rather indicates

14  a flat sum payment) nor hours worked for the associated Classroom Payment; and as a further

15  example, in 2014, the Pay Statement issued to Plaintiff with a pay date of 2/21/2014, indicates

16  that it is for a period start date of 2/2/14 and a period end date of 2/15/14, but this Pay Statement

17  lists Plaintiff's Pay Rate as $0.00, her Hours as 0.0000, her Total Hours as 0.0000, and further

18  lists two flat sum amounts without any reference to which inclusive pay periods these flat sum

19  amounts are for, the associated hourly rate of pay, and the associated hours worked.  These

20  systematic errors make it difficult for Plaintiff and other Pay Stub Class members to determine

21  whether they have been properly paid, what time periods they are being paid for and whether

22  they are being paid timely, whether their hours are reported correctly, and who the exact

23  employing legal entities are.  These errors certainly require Plaintiff and other Pay Stub Class

24  members to review other documents and information to attempt to ascertain the information that

25  should have been reported on the wage statements.

26      50.    Plaintiff and other Pay Stub Class members have been injured, as defined by

27  California Labor Code §226, by these omissions and inaccuracies.

28

51.    Defendants knowingly and intentionally failed, and continue to fail to furnish Plaintiff and Pay Stub Class members complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).  Plaintiff and Pay Stub Class members have been injured and damaged by these failures because, among other things, it renders them unable to determine whether Defendants properly recorded their hours worked and makes it impossible to tell whether they were properly compensated for all pay earned or all time worked at the proper rates and during the applicable pay period.  Plaintiff and, on information and belief, Pay Stub Class members are required to engage in discovery and mathematical computations to reconstruct their time records to determine if they were paid correctly as a result of the inaccurate and/or incomplete wage statements.  Plaintiff and, on information and belief, Pay Stub Class members cannot easily ascertain from the information provided to them through the wage statements whether his or her wages and hours have been calculated correctly and the correct legal entity and address of the entity employing them.  Accordingly, Plaintiff and, on information and belief, Pay Stub Class members cannot promptly and easily determine from the wage statement alone the information set forth in California Labor Code §226(e)(2)(B) to assure that he or she is not being underpaid and have to refer to other documents and information to attempt to ascertain this information, including who the correct employer legal entity is, the number of hours worked, and the applicable hourly rate.

52.    Defendants will no doubt continue these illegal practices until such time as they are forced to pay monies set forth under California Labor Code §226(e).  Defendants moreover will no doubt continue these illegal practices until such time as they are forced to cease such practice under the injunctive relief provision of California Labor Code §226(h).

53.    Plaintiff and Pay Stub Class members are entitled to and seek any and all available remedies to the extent permissible including injunctive relief and recovery of all available statutory damages, penalties, interest, attorneys' fees, and costs pursuant to California Labor Code §226(e) and (h).

## FIFTH CAUSE OF ACTION

### Class Claim for Unfair Competition Against All Defendants
### (Unfair Competition Claim)

54.   Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

55.   Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and members of the Faculty Class, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

56.   Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

57.   A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices of not paying proper, timely wages, and failing to indemnify employees for business expenses and losses, among the other statutory violations alleged herein, over the past four years violates California Labor Code §§201, 202, 204, 1197, 1198, 2802,  and the IWC Wage Orders.

58.   Plaintiff and members of the Faculty Class have been personally aggrieved and injured by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

59.   Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and members of the Faculty Class are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of costs.

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment, on behalf of herself and the other California employees, against each Defendant, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Faculty Class, Waiting Time Sub-Class, and Pay Stub Class; and

3. That counsel for Plaintiff be appointed as counsel for the Faculty Class, Waiting Time Sub-Class, and Pay Stub Class.

### On the First Cause of Action

1. For reimbursement of expenditures and losses under California Labor Code §2802(a) according to proof and to the extent permissible;

2. For reasonable attorneys' fees and costs that Plaintiff and members of the Faculty Class are entitled to recover under California Labor Code §2802(c);

3. For interest that Plaintiff and members of the Faculty Class are entitled to recover under California Labor Code §2802(b); and

4. For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1. For repayment of wages and liquidated damages, under the Second Cause of Action, to Plaintiff and members of the Faculty Class under California Labor Code §§1194 and 1194.2 according to proof and to the extent permissible;

2. For payment of penalties to Plaintiff and members of the Waiting Time Sub-Class under California Labor Code §203 according to proof and to the extent permissible;

3. For pre-judgment interest to Plaintiff and members of the Faculty Class on any unpaid wages due from the day that such amounts were due under California Labor Code §1194;

4. For reasonable attorneys' fees that Plaintiff and members of the Faculty Class are entitled to recover under California Labor Code §1194;

- 17 -

1    5.    For costs of suit incurred herein that Plaintiff and members of the Faculty Class

2    are entitled to recover under California Labor Code §1194; and

3        6.    For such other and further relief as the Court deems proper.

4                        On the Third Cause of Action

5        1.    For penalties according to proof under California Labor Code §203 to Plaintiff

6    and members of the Faculty Class;

7        2.    For reasonable attorneys' fees;

8        3.    For costs of suit incurred herein; and

9        4.    For such other and further relief as the Court deems proper.

10                        On the Fourth Cause of Action

11        1.    For penalties and damages according to proof under California Labor Code

12    §226(e) to Plaintiff and Pay Stub Class members;

13        2.    For injunctive relief under California Labor Code §226(h);

14        3.    For reasonable attorneys' fees;

15        4.    For costs of suit incurred herein; and

16        5.    For such other and further relief as the Court deems proper.

17                        On the Fifth Cause of Action

18        1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

19    sums to Plaintiff and members of the Faculty Class for their failures to pay all wages and provide

20    reimbursements over the last four years in an amount according to proof;

21        2.    For pre-judgment interest on any unpaid wages and indemnifications due from the

22    day that such amounts were due;

23        3.    For reasonable attorneys' fees that Plaintiff and members of the Faculty Class are

24    entitled to recover under California Labor Code §§218.5, 1194, 2802, and California Code of

25    Civil Procedure §1021.5;

26        4.    For costs of suit incurred herein that Plaintiff and members of the Faculty Class

27    are entitled to recover under California Labor Code §§218.5, 1194, and 2802; and

28        5.    For such other and further relief as the Court deems proper.

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff requests a jury trial in this matter.

3  Dated: December 24, 2014                    ROBBINS ARROYO LLP

4                                              THE DENTE LAW FIRM

5                                              By: _____

6                                                  DIANE E. RICHARD

7                                              Attorneys for Plaintiff Carmin Tandy

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1002315

27

28

- 19 -

CLASS ACTION COMPLAINT

# EXHIBIT B
# TO NOTICE OF REMOVAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

APOLLO EDUCATION GROUP, INC., THE UNIVERSITY OF
PHOENIX, INC., and DOES 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARMIN TANDY, Individually and on Behalf of Other Members of the
Public Similarly Situated

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/24/2014 at 12:04:39 PM**
Clerk of the Superior Court
By Rhonda Babers, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court<br><br>330 West Broadway<br>San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso)* 37-2014-00043448-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Diane E. Richard, Robbins Arroyo LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| DATE: 12/26/2014<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *R. Babers* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Apollo Education Group, Inc.

   under: [X] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT C
TO NOTICE OF REMOVAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Diane E. Richard (#204897)
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA 92101
TELEPHONE NO.: (619) 525-3990    FAX NO.: (619) 525-3991
ATTORNEY FOR (Name): Plaintiff Carmin Tandy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/24/2014** at 12:04:39 PM

Clerk of the Superior Court
By Rhonda Babers, Deputy Clerk

CASE NAME:
Tandy v. Apollo Education Group, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2014-00043446-CU-OE-CTL |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE Judge Richard E. L. Strauss DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 5
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 24, 2014
Diane E. Richard
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

EXHIBIT D
TO NOTICE OF REMOVAL

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:  San Diego, CA 92101-3827
BRANCH NAME:        Central
TELEPHONE NUMBER:   (619) 450-7075

PLAINTIFF(S) / PETITIONER(S):     Carmin Tandy

DEFENDANT(S) / RESPONDENT(S):  Apollo Education Group Inc et.al.

CARMIN TANDY VS. APOLLO EDUCATION GROUP INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00043446-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Richard E. L. Strauss                    Department: C-75

**COMPLAINT/PETITION FILED: 12/24/2014**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/05/2015 | 10:30 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

EXHIBIT E
TO NOTICE OF REMOVAL

| 1 | ROBBINS ARROYO LLP | **ELECTRONICALLY FILED** |
| | BRIAN J. ROBBINS (SB# 190264) | Superior Court of California, |
| 2 | DIANE E. RICHARD (SB# 204897) | County of San Diego |
| | 600 B Street, Suite 1900 | **01/27/2015** at 02:59:00 PM |
| 3 | San Diego, CA 92101 | Clerk of the Superior Court |
| | Telephone: (619) 525-3990 | By Melissa Reyes,Deputy Clerk |
| 4 | Facsimile: (619) 525-3991 | |
| | brobbins@robbinsarroyo.com | |
| 5 | drichard@robbinsarroyo.com | |

1. ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (SB# 190264)
2. DIANE E. RICHARD (SB# 204897)
   600 B Street, Suite 1900
3. San Diego, CA 92101
   Telephone: (619) 525-3990
4. Facsimile: (619) 525-3991
   brobbins@robbinsarroyo.com
5. drichard@robbinsarroyo.com

6. THE DENTE LAW FIRM
   MATTHEW S. DENTE (SB# 241547)
7. 600 B Street, Suite 1900
   San Diego, CA 92101
8. Telephone: (619) 550-3475
   Facsimile: (619) 342-9668
9. matt@dentelaw.com

10. Attorneys for Plaintiff Carmin Tandy

11.          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12.                    COUNTY OF SAN DIEGO

13. CARMIN TANDY, Individually and on Behalf    Case No. 37-2014-00043446-CV-OE-CTL
    of Other Members of the Public Similarly
14. Situated,                                   **CLASS ACTION**

15.                  Plaintiff,                  **AS TO PLAINTIFF'S FIRST THROUGH
                                                 FIFTH CAUSES OF ACTION**
16.          v.
                                                 **CALIFORNIA LABOR CODE PRIVATE
17. APOLLO EDUCATION GROUP, INC.,               ATTORNEYS GENERAL ACT OF 2004
    THE UNIVERSITY OF PHOENIX, INC.,  and       ACTION AS TO PLAINTIFF'S SIXTH
18. DOES 1-10, Inclusive,                       THROUGH ELEVENTH CAUSES OF
                                                 ACTION**
                     Defendants.
19.                                             **FIRST AMENDED COMPLAINT FOR:**

20.                                             (1)    **FAILURE TO INDEMNIFY;**
                                                (2)    **FAILURE TO PAY MINIMUM
21.                                                    WAGES;**
                                                (3)    **FAILURE TO PAY WAGES
22.                                                    TIMELY ON TERMINATION;**
                                                (4)    **FAILURE TO PROVIDE AND
23.                                                    MAINTAIN COMPLIANT
                                                       ITEMIZED WAGE STATEMENTS;**
24.                                             (5)    **UNFAIR COMPETITION;**
                                                (6)    **VIOLATION OF LABOR CODE
25.                                                    SECTION 2802 BROUGHT UNDER
                                                       THE LABOR CODE PRIVATE
26.                                                    ATTORNEYS GENERAL ACT OF
                                                       2004 (CAL. LAB. CODE SECTION
                                                       2698, ET SEQ.);**
27.                                             (7)    **VIOLATION OF LABOR CODE
                                                       SECTION 1197 BROUGHT UNDER
28.                                                    THE LABOR CODE PRIVATE
                                                       ATTORNEYS GENERAL ACT OF
                                                       2004 (CAL. LAB. CODE SECTION**

---

FIRST AMENDED CLASS ACTION COMPLAINT

2698, ET SEQ.);
(8) VIOLATIONS OF LABOR CODE
SECTIONS 201-203 BROUGHT
UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE
SECTION 2698, ET SEQ.);
(9) VIOLATION OF LABOR CODE
SECTION 204 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.);
(10) VIOLATION OF LABOR CODE
SECTION 226 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.);AND
(11) VIOLATION OF LABOR CODE
SECTION 1198 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.)

**DAMAGES EXCEED $25,000**

**DEMAND FOR JURY TRIAL**

[IMAGED FILE]

Judge: Honorable Richard E. L. Strauss
Dept.: C-75
Date Action Filed: December 24, 2014

FIRST AMENDED CLASS ACTION COMPLAINT

1       COMES NOW Plaintiff Carmin Tandy ("Plaintiff"), on behalf of herself and as a

2  representative of employees of Apollo Education Group, Inc., ("Apollo"), The University of

3  Phoenix, Inc. ("UOP"), and Does 1-10, inclusive (collectively, with Apollo and UOP,

4  "Defendants"), and asserts the following claims:

5       1.    This is a class action arising from Defendants' systematic violations of the

6  California Labor Code pertaining to Defendants': (i) failure to indemnify employees for business

7  expenses and losses; (ii) failure to pay employees at least the minimum wage rate; (iii) failure to

8  pay timely wages upon separation from employment; (iv) failure to issue and maintain compliant

9  itemized wage statements; and (v) claims for unfair competition.

10       2.    This is further a private attorneys general action brought under the California

11  Labor Code Private Attorneys General Act of 2004 codified in California Labor Code §2698, *et*

12  *seq.* ("PAGA").  On December 24, 2014, Plaintiff filed an exhaustion letter with the California

13  Labor and Workforce Development Agency ("LWDA") and Defendants providing notice of her

14  intent to bring a private attorneys general action for recovery of penalties under PAGA.  *See*

15  *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  PAGA permits an "aggrieved employee" to

16  bring a lawsuit for civil penalties arising from violations of California's Labor Code committed

17  against himself or herself and other current and former employees, as a private attorney general,

18  to address an employer's violations of the California Labor Code.  *Id.* at 980-81.  The LWDA did

19  not provided notice of its intent to investigate within the statutory required time, and further

20  Apollo, nor UOP have provided notice that they have cured any of the alleged violations as may

21  be applicable.  Accordingly, Plaintiff brings a PAGA enforcement action as alleged herein.

22       3.    Plaintiff at all times mentioned in this Complaint was, a resident of San Diego,

23  California.  During her employment with Defendants, Plaintiff worked for Apollo and UOP as an

24  on-line/virtual instructor ("Faculty" or "Faculty Member").[1]  Plaintiff's employment with Apollo

25  ended on or about November 4, 2014.

26

27

28  [1] Plaintiff's job title used interchangeably was "Faculty," "Faculty Member," and "Instructor."

- 1 -

FIRST AMENDED CLASS ACTION COMPLAINT

4.      Upon information and belief, defendant Apollo and defendant UOP are both companies that offer private education services including: undergraduate, graduate, professional development, and other non-degree educational programs.  Apollo is an employer of employees throughout the state of California, including in the county of San Diego, California, as is UOP.

5.      Upon information and belief, defendant Apollo is an Arizona corporation with its headquarters located in Phoenix, Arizona, and authorized to conduct business in California.

6.      Upon information and belief, defendant UOP is an Arizona corporation with its headquarters located in Phoenix, Arizona, and authorized to conduct business in California.

7.      Whenever in this Complaint reference is made to any act, deed, or conduct of Apollo, the allegation means that Apollo engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Apollo.

8.      Whenever in this Complaint reference is made to any act, deed, or conduct of UOP, the allegation means that UOP engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of UOP.

9.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1–10, inclusive, and therefore sues said defendants by such fictitious names ("Doe Defendants").  Plaintiff will amend this Complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants are ascertained.

10.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and/or co-conspirators of Apollo and UOP, and of each other; that Apollo, UOP, and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of Apollo and UOP as alleged herein.

- 2 -

1       11.    Plaintiff is further informed and believes, and thereon alleges, that at all times

2   herein material, each Defendant was completely dominated and controlled by its co-Defendants

3   and each was the alter ego of the other. Whenever and wherever reference is made in this

4   Complaint to any conduct by Apollo, UOP, or Defendants, such allegations and references shall

5   also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and

6   severally. Whenever and wherever reference is made to individuals who are not named as

7   defendants in this Complaint, but were employees and/or agents of Defendants, such individuals

8   at all relevant times acted on behalf of Defendants named in this Complaint within the scope of

9   their respective employments.

10                             **CLASS ACTION ALLEGATIONS**

11      12.    Plaintiff brings her claim for relief in this action on behalf of herself as well as on

12  behalf of each and all other persons similarly situated, and thus, seeks class certification under

13  California Code of Civil Procedure §382.

14      13.    All claims alleged herein arise under California law for which Plaintiff seeks

15  relief as authorized by California law.

16      14.    With respect to Plaintiff's First through Fifth Causes of Action, the proposed

17  Classes and Sub-Class are comprised of and defined as:

18          Any and all persons who are or were employed as on-line/virtual faculty

19          members/instructors, however titled, by Apollo Education Group, Inc. and/or The
        University of Phoenix, Inc. to perform work in the state of California within four

20          years prior to the filing of the original Complaint in this action until resolution of
        this lawsuit (hereinafter collectively referred to as the "Faculty Class").

21

22          Any and all persons who are or were employed as on-line/virtual faculty
        members/instructors, however titled, by Apollo Education Group, Inc. and/or The

23          University of Phoenix, Inc. to perform work in the state of California and whose
        employment with Apollo Education Group, Inc. and/or The University of

24          Phoenix, Inc. ended at any time after the date that is three years prior to the filing
        of the original Complaint in this action (hereinafter collectively referred to as the

25          "Waiting Time Sub-Class").

26

27

28

                                    - 3 -

Any and all persons who are or were employed as faculty members/instructors, however titled, by Apollo Education Group, Inc. and/or The University of Phoenix, Inc. to perform work in the state of California and had a wage statement issued at any point within one year prior to the filing of the original Complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Pay Stub Class").

15.    The members of the Faculty Class and the Waiting Time Sub-Class, and the Pay Stub Class (collectively the "Classes" or "Class Members") are so numerous as to make it impracticable to bring them all before this Court. Plaintiff is unable to state the exact number of Class Members without discovery of Defendants' books and records, but avers upon information and belief that each of the Classes exceed fifty members. The identity of Class Members is readily ascertainable by an inspection of Defendants' employment and payroll records.

16.    There are questions of law and fact common to the members of each of the Classes that predominate over any questions affecting any individual in the Classes. Defendants have acted, and refused to act, on grounds generally applicable to members of the Classes.

17.    Plaintiff's claims are typical of the claims of the Class Members and Plaintiff will fairly and adequately protect the interests of these members.

18.    The prosecution of separate actions by individual members of the Classes would create the risk of:

(a)    Inconsistent or varying adjudications in different jurisdictions with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants; and

(b)    Adjudications with respect to individual Class Members which, as a practical matter, would be dispositive of the interests and rights of Class Members who are not parties to the adjudications, or would substantially impair or impede the ability of Class Members to protect their interests.

19.    At all times relevant to this action, Defendants have enacted and effected unlawful and unfair state-wide employment policies and practices which have caused Plaintiff and members of the Classes to suffer injury. A class action is superior to other available methods for the fair and efficient adjudication of Defendants' policies and practices and the

- 4 -

1    damage they caused Plaintiff and members of the Classes to suffer and which are the subject
2    matter of this action.

3        20.    Employers in the state of California violate employment and labor laws every
4    day.  Current employees are often afraid to assert their rights out of fear of direct or indirect
5    retaliation.  Former employees are fearful of bringing actions because they believe their former
6    employers may damage their future endeavors through negative references and/or other means.
7    The nature of this action allows for the protection of current and former employees' rights
8    without fear for retaliation or damage.

9        21.    The claims asserted herein implicate questions of law or fact common to members
10   of the Classes.  These common questions predominate over any questions affecting only
11   individual Class Members.  Common questions include, but are not limited to:

12       (a)    Whether Defendants failed to maintain and provide Pay Stub Class
13   members with wage statements that complied with the requirements of California Labor
14   Code §226(a);

15       (b)    Whether Defendants failed to provide members of the Faculty Class and
16   Waiting Time Sub-Class with all required minimum wages in violation of California Labor Code
17   §§1197 and 1198 and the applicable California Industrial Welfare Commission ("IWC") Wage
18   Order;

19       (c)    Whether Defendants unlawfully failed to indemnify members of the
20   Faculty Class for business expenditures and losses in violation of California Labor Code §2802;

21       (d)    Whether Defendants unlawfully failed to pay timely wages to members of
22   the Waiting Time Sub-Class in violation of California Labor Code §§201 and 202;

23       (e)    Whether Defendants engaged in unfair competition in violation of
24   California Business and Professions Code §§17200, *et seq.*; and

25       (f)    The appropriate amount of penalties, damages, and restitution resulting
26   from Defendants' violations of California law.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

# PAGA ALLEGATIONS

22.    This is a PAGA enforcement action as to Plaintiff's Sixth through Eleventh Causes of Action only for recovery of civil penalties under PAGA. *See Arias*, 46 Cal. 4th at 969. PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties as a private attorney general, to address an employer's violations of the California Labor Code committed against the aggrieved employee and other current and former employees. *Id.* at 980-81. In this case, Defendants violated California Labor Code §§201-204, 226, 1197-1198, and 2802 as set forth more fully below. Plaintiff seeks PAGA penalties for the violations committed against her and other current and former California employees of Defendants.

23.    Plaintiff's Sixth through Eleventh Causes of Action are suitable for treatment as a PAGA action for the following reasons:

(a)    The violations set forth in Plaintiff's Sixth through Eleventh Causes of Action allege violations of the California Labor Code for which the Code provides a civil penalty to be assessed and recovered by the LWDA or any department, division, commission, boards, agencies, or employees, or for which a penalty is provided for under California Labor Code §2699(f);

(b)    Plaintiff is an "aggrieved employee" because she was employed by Defendants and had one or more of the alleged violation committed against her;

(c)    Plaintiff complied with the requirement to commence a civil action under California Labor Code §2699.3;

(d)    Plaintiff complied with the exhaustion requirements of PAGA by providing notice by certified letter on December 24, 2014, to Defendants and the LWDA concerning the PAGA claims Plaintiff intends to pursue. A true and correct copy of that notice is attached as Exhibit A. The LWDA did not provide notice of its intent to investigate within the statutory time period. Furthermore, neither Apollo nor UOP have provided notice that they have cured any of the alleged violations as may be applicable; and

(e)    "Current and former employees," for the purposes of the PAGA claims include any and all persons who are or were employed by Defendants in the State of California,

- 6 -

1  as on-line/virtual faculty members/instructors, however titled ("Faculty Employees), unless

2  another designation is otherwise notated, at any time during the PAGA statutory period.

3  **FACTUAL ALLEGATIONS**

4  24.   At all times set forth herein, Defendants employed, and continue to employ,

5  employees throughout the state of California.  Defendant Apollo and Defendant UOP, are

6  employers, within the meaning set forth in the California Labor Code, including §226(a).  Apollo

7  and UOP offer its employees a variety of educational positions including faculty and instructor

8  positions in both a virtual/on-line setting as well as a brick and mortar setting.

9  25.   Plaintiff is a former employee of Defendants who worked for the Defendants as a

10 Faculty Member.  At times relevant, she held a position as Faculty.  Plaintiff worked for

11 Defendants at times during the relevant period specified herein, through on or about November

12 4, 2014.  On or about November 4, 2014, Plaintiff was informed that future contracts to her

13 would be ceased.

14 26.   Plaintiff and other members of the Faculty Class, Pay Stub Class and Waiting

15 Time Sub-Class, have been at times pertinent hereto, non-exempt employees of Defendants

16 within the meaning of the California Labor Code and the implementing rules and regulations of

17 the California IWC Wage Orders.  Plaintiff and other Faculty Employees have been at times

18 pertinent hereto, employees of Defendants within the meaning of the California Labor Code and

19 the implementing rules and regulations of the California IWC Wage Orders, and subject to

20 protections such as the right to reimbursement, the right to have accurate itemized wage

21 statements provided, the right to be paid timely during employment, and the right to have work

22 and break times recorded by their employer.

23 27.   During the relevant time frame, Defendants knowingly and intentionally failed,

24 and continue to fail, to provide Plaintiff, other members of Pay Stub Class, and Faculty

25 Employees (regardless of whether they were on-line/virtual) with wage statements that contained

26 the information required by California Labor Code §226(a).  The wage statements Defendants

27 have provided to Plaintiff, other members of the Pay Stub Class, and Faculty Employees

28 (regardless of whether they were on-line/virtual), systematically fail to accurately: (i) state the

- 7 -

1  inclusive dates of the period for which the employee is paid – the pay period begin date is
2  omitted from the itemized wage statements issued in years prior to 2014; (ii) state the name of
3  the legal entity that is the employer – the sole employer name on the wage statements issued
4  prior to 2014 is University of Phoenix, whereas the Internal Revenue Service ("IRS") Form W-
5  2's for those years indicate the employer's name of University of Phoenix Inc., whereas the
6  California Secretary of State has the entity name as The University of Phoenix, Inc. and whereas
7  other documents show that the employer's name is Apollo Education Group, Apollo Education
8  Group, Inc. and/or Apollo Group, and in 2014, both Apollo Education Group and University of
9  Phoenix is listed on the wage statements, whereas the California Secretary of State has Apollo
10  listed as Apollo Education Group, Inc., and UOP listed as The University of Phoenix, Inc.; and
11  (iii) itemize all gross and net wages earned, and the applicable hourly rates in effect each pay
12  period and/or the corresponding number of hours worked at each hourly rate including the rate of
13  pay, the number of piece-rate units when applicable, the total hours worked by the employee, and
14  the accurate inclusive pay period begin and end dates associated with the payment of the wages –
15  for example in 2013, the Earnings Statement provided to Plaintiff with an advice date of
16  12/27/2013 and a period ending date of 12/21/13, does not include a pay period begin date, and
17  does not indicate an hourly rate of pay for the Classroom Payment (but rather indicates a flat sum
18  payment) nor hours worked for the associated Classroom Payment; and as a further example, in
19  2014, the Pay Statement issued to Plaintiff with a pay date of 2/21/2014, indicates that it is for a
20  period start date of 2/2/14 and a period end date of 2/15/14, but this Pay Statement lists Plaintiff's
21  Pay Rate as $0.00, her Hours as 0.0000, her Total Hours as 0.0000, and further lists two flat sum
22  amounts without any reference to which inclusive pay periods these flat sum amounts are for, the
23  associated hourly rate of pay, and the associated hours worked.  These systematic errors make it
24  difficult for Plaintiff, other Pay Stub Class members, and Faculty Employees (regardless of
25  whether they were on-line/virtual) to determine whether they have been properly paid, what time
26  periods they are being paid for and whether they are being paid timely, whether their hours are
27  reported correctly, and who the exact employing legal entities are.  These errors certainly require
28  Plaintiff, other Pay Stub Class members, and Faculty Employees (regardless of whether they

- 8 -

1   were on-line/virtual) to review other documents and information to attempt to ascertain the

2   information that should have been reported on the wage statements.

3        28.     During the relevant time frame, Defendants were required to indemnify Plaintiff,

4   Faculty Employees, and Faculty Class members for all expenditures and losses incurred by these

5   employees in direct consequence of the discharge of their duties or obedience to the directions of

6   their employer.   These expenditures and losses include, but are not limited to, all tools and

7   equipment required to be purchased and/or used in the performance of their work for Defendants

8   including a computer, computer-related equipment and software, printer, printer ink and printer

9   cartridge, internet, personal e-mail account expenses, and telephone.   Defendants did not provide

10   indemnification for these expenditures and/or losses but required Plaintiff, Faculty Employees,

11   and Faculty Class members to provide such tools, supplies, and equipment.   Defendants for

12   example require Faculty Employees and Faculty Class members, including Plaintiff to supply

13   computers, printers, and communication devices and programs (such as internet, e-mail and a

14   working telephone) and programs for work and does not provide these to them or provide

15   reimbursement to Faculty Employees and Faculty Class members for expenditures or losses

16   associated with this requirement.   Plaintiff was therefore required to, and did, supply at a cost to

17   her, without any reimbursement from Defendants, computer, computer-related equipment and

18   software, printer, printer ink, and printer cartridge, internet, personal e-mail account expenses,

19   and telephone and related expenses.

20        29.     During the relevant time frame, Plaintiff, Faculty Class members, Waiting Time

21   Sub-Class members, and non-exempt Faculty Employees were not exempt from receiving the

22   applicable minimum wages.   Notwithstanding this, these persons had their rights violated

23   through Defendants' failure to pay applicable minimum wages.   Such violations resulted from

24   Defendants' conduct which includes, but is not limited to: (i) failing to pay for time spent

25   working other than time spent for classroom work (such as Defendants' failure to pay for

26   administrative, non-classwork including, but not limited to, reading, responding to, drafting

27   documents, and correspondences and performing other work relating to employment policies and

28   procedures matters, faculty contract matters, performance reviews, academic violation issues,

- 9 -

1   classroom issues, faculty administration, attendance matters, assigned module work, action

2   plans, performance management matters, meeting contractual obligations, information

3   technology (IT) matters, purchasing and maintaining supplies, tools, and equipment, reporting

4   matters, and coaching matters); and (ii) failing to pay Faculty Class Members and non-exempt

5   Faculty Employees for work performed during initial classes despite being required to work

6   during this time as part of a mentor/training-type program.

7         30.     During the relevant time frame, Plaintiff, Faculty Class members, and Waiting

8   Time Sub-Class members each were required to be paid timely during employment and upon

9   separation of employment in accordance with California Labor Code §§201, 202, and 204.

10   During the relevant time frame, Plaintiff and Faculty Employees each were required to be paid

11   timely during employment in accordance with California Labor Code §204, and Plaintiff and

12   non-exempt Faculty Employees were each required to be paid timely upon separation of

13   employment in accordance with California Labor Code §§201 and 202. Defendants, through

14   their actions including those alleged herein of not paying proper wages and not paying timely,

15   have not paid these employees all wages due during employment and, as applicable, upon

16   separation of employment. California Labor Code §204 requires that wages be paid within the

17   timing requirements set forth in the statute. Defendants failed to comply with the timing

18   requirements under California Labor Code §204 in that wages were paid after the times set for in

19   California Labor Code §204. Labor performed between the 1st and the 15th days, inclusive, of

20   any calendar month was and is not paid for between the 16th and the 26th day of the month

21   during which the labor was performed, and labor performed between the 16th and the last day,

22   inclusive, of any calendar month, was and is not paid for between the 1st and the 10th day of the

23   following month. Moreover, the wages are not paid within seven calendar days following the

24   close of the payroll period. Defendants pay Faculty Class members and Faculty Employees

25   without any regard to when work is performed and without any regard to the close of the payroll

26   period. For example, Defendants pay one installment of Faculty Class members'/Faculty

27   Employees' wages after all work for the class has been fully completed and uploaded regardless

28   of when the work was performed and without any regard to the close of the payroll period. As a

1  result, often times, Defendants hold onto wages for a longer time than permitted under California

2  Labor Code §204 for their own benefit and Faculty Class members and Faculty Employees are

3  denied wages when due under this statute.  Likewise, because Defendants have failed to pay all

4  wages due as alleged herein, Plaintiff, members of the Waiting Time Sub-Class, and non-exempt

5  Faculty Employees have failed to be paid all wages due and owing upon their separation of

6  employment as set forth, as applicable, under California Labor Code §§201-202.

7       31.  During the relevant time frame, Defendants are required to record work times for

8  Plaintiff and non-exempt Faculty Employees pursuant to the "Records" section of the applicable

9  IWC Wage Order.  During the relevant time frame, Defendants have failed to record work time

10  and thus, have violated California Labor Code §1198.

11       32.  During the relevant time frame, Defendants engaged in unlawful conduct and

12  unfair competition resulting in injury to Plaintiff and, on information and belief, others through

13  its violation of California's wage and hour laws alleged herein.

14  **CLASS ACTION CLAIMS**

15  **FIRST CAUSE OF ACTION**

16  **Class Claim for Violation of California Labor Code §2802 Against All Defendants**
**(For Failure to Indemnify for Employee Expenses)**

17

18       33.  Plaintiff repeats and incorporates herein by reference each and every allegation

19  contained above, as though fully set forth herein.

20       34.  California Labor Code §2802 provides in pertinent part that: "An employer shall

21  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

22  in direct consequence of the discharge of his or her duties...."

23       35.  During times relevant, Plaintiff and Faculty Class members have been required to

24  incur and pay for expenses and/or losses in the discharge of their employment duties including,

25  but not limited to, purchasing tools and equipment without reimbursement from Defendants.

26       36.  As a proximate result of Defendants' violations of California Labor Code §2802,

27  Plaintiff and Faculty Class members have been damaged in an amount according to proof.

28       37.  Plaintiff and Faculty Class members are entitled to recover the full amount of the

- 11 -

FIRST AMENDED CLASS ACTION COMPLAINT

1  expenses and losses they incurred in the course of their job duties, plus interest, attorneys' fees,

2  and costs pursuant to California Labor Code §2802, in an amount according to proof at the time

3  of trial.

### SECOND CAUSE OF ACTION

**Class Claim for Violation of California Labor Code §1197 Against All Defendants
(Minimum Wage Claim)**

7      38.    Plaintiff repeats and incorporates herein by reference each and every allegation

8  contained above, as though fully set forth herein.

9      39.    California Labor Code §1197 specifies that an employer engages in an unlawful

10  act if it pays employees an amount less than the lawful minimum wage fixed by the California

11  IWC Wage Order.

12      40.    The "Minimum Wages" section of the applicable California IWC Wage Order

13  makes it unlawful for an employer to pay less than the applicable minimum wage for all hours

14  worked, whether the remuneration is measured by time, piece, commission, or otherwise.

15  Employers thus must pay non-exempt employees for all time worked; pay averaging, that is

16  averaging paid, productive hours with non-paid, non-productive hours to satisfy minimum wage

17  requirements, is not permitted *See Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005).

18      41.    During times relevant, Defendants failed to pay, at least minimum wages for all

19  hours worked, to Plaintiff and members of the Faculty Class and Waiting Time Sub-Class. This

20  occurred as a result of Defendants' conduct of, among other things: (i) failing to pay for time

21  spent working other than time spent for classroom work (such as Defendants' failure to pay for

22  administrative, non-classwork including, but not limited to, reading, responding to, drafting

23  documents and correspondences and performing other work relating to employment policies and

24  procedures matters, faculty contract matters, performance reviews, academic violation issues,

25  classroom issues, faculty administration, attendance matters, assigned module work, action

26  plans, performance management matters, meeting contractual obligations, IT matters, purchasing

27  and maintaining supplies, tools, and equipment, reporting matters, and coaching matters); and (ii)

28  failing to pay Faculty Class members for work performed during initial classes despite being

1   required to work during this time as part of a mentor/training-type program.

2       42.   California Labor Code §§201 and 202 set forth timing requirements for the

3   payment of wages to employees during employment and to employees who are separating

4   employment with an employer.  A violation of California Labor Code §§201 and/or 202 results

5   in payment waiting time penalties under California Labor Code §203.

6       43.   During times relevant, Defendants failed to pay Plaintiff and members of the

7   Waiting Time Sub-Class wages timely in conformance with the requirements set forth in

8   California Labor Code §§201 and 202, as applicable.

9       44.   For this violation, Plaintiff and members of the Faculty Class are entitled to and

10  seek the payment of the unlawfully withheld minimum wages and further seek recovery of any

11  and all available remedies to the extent permissible including recovery of interest, attorneys' fees

12  and costs, and liquidated damages relating to any unpaid minimum wages under California Labor

13  Code §§1194 and 1194.2.  Further, Plaintiff and members of the Waiting Time Sub-Class who

14  have not been paid timely within the statutory period set forth in California Labor Code §§201

15  and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

16                                     **THIRD CAUSE OF ACTION**

17  **Class Claim for Violations of California Labor Code §§201 and 202 Against All Defendants**
**(For Failure to Pay Wages Timely)**

18

19      45.   Plaintiff repeats and incorporates herein by reference each and every allegation

20  contained above, as though fully set forth herein.

21      46.   California Labor Code §§201 and 202 require an employer who discharges an

22  employee to pay compensation due and owing to said employee immediately upon discharge and

23  that if an employee voluntarily leaves his or her employment, his or her wages shall become due

24  and payable not later than seventy-two hours thereafter, unless the employee has given seventy-

25  two hours previous notice of his or her intention to quit, in which case the employee is entitled to

26  his or her wages on their last day of work.  California Labor Code §203 provides that if an

27  employer willfully fails to pay compensation promptly upon discharge, as required by California

28  Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of

- 13 -

1  continued compensation for up to thirty work days.

2        47.    During the relevant time period and through their conduct including that alleged

3  herein, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay

4  Plaintiff and members of the Waiting Time Sub-Class their wages, earned and unpaid, either at

5  the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants'

6  employ.  Premium, regular, and minimum wages were improperly unpaid, but upon separation,

7  Defendants also failed to pay earned and calculable wages due and owing within the time frame

8  specified by California Labor Code §§201 and 202.  Defendants' willful failure to pay Plaintiff

9  and Waiting Time Sub-Class members their wages earned and unpaid at the time of discharge, or

10 within seventy-two hours of their voluntarily leaving Defendants' employ, violates California

11 Labor Code §§201 and 202, as applicable.  As a result, Defendants are liable to Plaintiff and

12 members of the Waiting Time Sub-Class for waiting time penalties under California Labor Code

13 §203, in an amount according to proof at the time of trial.

14                            **FOURTH CAUSE OF ACTION**

15     **Class Claim for Violation of California Labor Code §226(a) Against All Defendants**
16                                **(Pay Stub Claim)**

17       48.    Plaintiff repeats and incorporates herein by reference each and every allegation

18 contained above, as though fully set forth herein.

19       49.    California Labor Code §226(a) sets forth reporting requirements for employers

20 when they pay wages.  In relevant part, it states:

21         Every employer shall ... at the time of each payment of wages, furnish each of his
           or her employees ... an accurate itemized statement in writing showing (1) gross
22         wages earned; (2) total hours worked by the employee, except for any employee
           whose compensation is solely based on a salary and who is exempt from payment
23         of overtime under subdivision (a) of Section 515 or any applicable order of the
           Industrial Welfare Commission, (3) the number of piece-rate units earned and any
24         applicable piece rate if the employee is paid on a piece-rate basis, (4) all
           deductions, provided that all deductions made on written orders of the employee
25         may be aggregated and shown as one item; (5) net wages earned, (6) the inclusive
           dates of the period for which the employee is paid, (7) the name of the employee
26         and only the last four digits of his or her social security number or an employee
           identification number other than a social security number, (8) the name and
27         address of the legal entity that is the employer ..., and (9) all applicable hourly
28

                                        - 14 -

rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

50.     California Labor Code §226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

51.     California Labor Code §226(e)(2)(B) provides:

An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)[;] (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)[;] (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period[; and] (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

52.     The wage statements Defendants have provided to Plaintiff and other Pay Stub Class, systematically fail to accurately: (i) state the inclusive dates of the period for which the employee is paid – the pay period begin date is omitted from the itemized wage statements issued in years prior to 2014; (ii) state the name of the legal entity that is the employer – the sole employer name on the wage statements issued prior to 2014 is University of Phoenix, whereas

- 15 -

1  the IRS Form W-2's for those years indicate the employer's name of University of Phoenix Inc.,

2  whereas the California Secretary of State has the entity name as The University of Phoenix, Inc.

3  and whereas other documents show that the employer's name is Apollo Education Group, Apollo

4  Education Group, Inc., and/or Apollo Group, and in 2014, both Apollo Education Group and

5  University of Phoenix is listed on the wage statements, whereas the California Secretary of State

6  has Apollo listed as Apollo Education Group, Inc. and UOP listed as The University of Phoenix,

7  Inc.; and (iii) itemize all gross and net wages earned, and the applicable hourly rates in effect

8  each pay period and/or the corresponding number of hours worked at each hourly rate including

9  the rate of pay, the number of piece-rate units when applicable, the total hours worked by the

10 employee, and the accurate inclusive pay period begin and end dates associated with the payment

11 of the wages – for example in 2013, the Earnings Statement provided to Plaintiff with an advice

12 date of 12/27/2013 and a period ending date of 12/21/13, does not include a pay period begin

13 date, and does not indicate an hourly rate of pay for the Classroom Payment (but rather indicates

14 a flat sum payment) nor hours worked for the associated Classroom Payment; and as a further

15 example, in 2014, the Pay Statement issued to Plaintiff with a pay date of 2/21/2014, indicates

16 that it is for a period start date of 2/2/14 and a period end date of 2/15/14, but this Pay Statement

17 lists Plaintiff's Pay Rate as $0.00, her Hours as 0.0000, her Total Hours as 0.0000, and further

18 lists two flat sum amounts without any reference to which inclusive pay periods these flat sum

19 amounts are for, the associated hourly rate of pay, and the associated hours worked.  These

20 systematic errors make it difficult for Plaintiff and other Pay Stub Class members to determine

21 whether they have been properly paid, what time periods they are being paid for and whether

22 they are being paid timely, whether their hours are reported correctly, and who the exact

23 employing legal entities are.  These errors certainly require Plaintiff and other Pay Stub Class

24 members to review other documents and information to attempt to ascertain the information that

25 should have been reported on the wage statements.

26     53.     Plaintiff and other Pay Stub Class members have been injured, as defined by

27 California Labor Code §226, by these omissions and inaccuracies.

28

FIRST AMENDED CLASS ACTION COMPLAINT

54.     Defendants knowingly and intentionally failed, and continue to fail to furnish Plaintiff and Pay Stub Class members complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).  Plaintiff and Pay Stub Class members have been injured and damaged by these failures because, among other things, it renders them unable to determine whether Defendants properly recorded their hours worked and makes it impossible to tell whether they were properly compensated for all pay earned or all time worked at the proper rates and during the applicable pay period.  Plaintiff and, on information and belief, Pay Stub Class members are required to engage in discovery and mathematical computations to reconstruct their time records to determine if they were paid correctly as a result of the inaccurate and/or incomplete wage statements.  Plaintiff and, on information and belief, Pay Stub Class members cannot easily ascertain from the information provided to them through the wage statements whether his or her wages and hours have been calculated correctly and the correct legal entity and address of the entity employing them.  Accordingly, Plaintiff and, on information and belief, Pay Stub Class members cannot promptly and easily determine from the wage statement alone the information set forth in California Labor Code §226(e)(2)(B) to assure that he or she is not being underpaid and have to refer to other documents and information to attempt to ascertain this information, including who the correct employer legal entity is, the number of hours worked, and the applicable hourly rate.

55.     Defendants will no doubt continue these illegal practices until such time as they are forced to pay monies set forth under California Labor Code §226(e).  Defendants moreover will no doubt continue these illegal practices until such time as they are forced to cease such practice under the injunctive relief provision of California Labor Code §226(h).

56.     Plaintiff and Pay Stub Class members are entitled to and seek any and all available remedies to the extent permissible including injunctive relief and recovery of all available statutory damages, penalties, interest, attorneys' fees, and costs pursuant to California Labor Code §226(e) and (h).

FIRST AMENDED CLASS ACTION COMPLAINT

### FIFTH CAUSE OF ACTION

**Class Claim for Unfair Competition Against All Defendants**
**(Unfair Competition Claim)**

57.   Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

58.   Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and members of the Faculty Class, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

59.   Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

60.   A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices of not paying proper, timely wages, and failing to indemnify employees for business expenses and losses, among the other statutory violations alleged herein, over the past four years violates California Labor Code §§201, 202, 204, 1197, 1198, 2802,  and the IWC Wage Orders.

61.   Plaintiff and members of the Faculty Class have been personally aggrieved and injured by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

62.   Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and members of the Faculty Class are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of costs.

## PAGA ACTION CLAIMS

## SIXTH CAUSE OF ACTION

**For Violation of California Labor Code §2802 Brought Under PAGA
Against All Defendants by Plaintiff on a Private Attorneys General Basis
(PAGA Failure to Reimburse Employee Expenses Claim)**

63.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

64.     California Labor Code §2802 provides in pertinent part that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer...."

65.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendants failed to comply with California Labor Code §2802 with respect to Plaintiff and other Faculty Employees employed as on-line/virtual faculty members/instructors, however titled, by Defendants in the State of California, through their failure to fully indemnify for losses and expenses.

66.     PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  California Labor Code §2802 does not provide its own civil penalties.  Because Defendants are employers that currently employ one or more employees, the civil penalties set forth in California Labor Code §2699(f)(2) apply to each of the Defendants' violations of California Labor Code §2802.

67.     Plaintiff requests penalties against Defendants for their violation of California Labor Code §2802 as provided under PAGA, plus reasonable attorneys' fees and costs, in

- 19 -

1 | amounts to be proved at trial.

2 | ### SEVENTH CAUSE OF ACTION

3 | **For Violation of California Labor Code §1197 Brought Under PAGA**
**Against All Defendants on a Private Attorneys General Basis**
4 | **(PAGA Minimum Wage Claim)**

5 | 68.   Plaintiff repeats and incorporates herein by reference each and every allegation
6 | contained above, as though fully set forth herein.

7 | 69.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion
8 | letter, Defendants paid to Plaintiff and other non-exempt Faculty Employees a wage for all hours
9 | worked that is less than the minimum fixed by the IWC in the "Minimum Wages" section of the
10 | applicable California IWC Wage Order.   By doing so, Defendants violated California Labor
11 | Code §1197.

12 | 70.   PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover
13 | civil penalties for the violation of provisions of the California Labor Code that contain their own
14 | civil penalties.  California Labor Code §§1197.1 and 2699 contain the civil penalties collectable
15 | under PAGA for violation of California Labor Code §1197.  Accordingly, Plaintiff seeks the
16 | civil penalties permitted through California Labor Code §§1197.1 and 2699 for Defendants'
17 | violation of California Labor Code §1197.

18 | 71.   Plaintiff requests penalties against Defendants for their violation of California
19 | Labor Code §1197 as provided under PAGA, plus reasonable attorneys' fees and costs, in
20 | amounts to be proven at trial.

21 | ### EIGHTH CAUSE OF ACTION

22 | **For Violations of California Labor Code §§201-203 Brought Under PAGA**
**Against All Defendants by Plaintiff on a Private Attorneys General Basis**
23 | **(PAGA Wage Payment Claim)**

24 | 72.   Plaintiff repeats and incorporates herein by reference each and every allegation
25 | contained above, as though fully set forth herein.

26 | 73.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion
27 | letter, Defendants failed to comply with the timing requirements of California Labor Code §§201
28 | and 202 with respect to Plaintiff and their non-exempt Faculty Employees, as applicable, and

- 20 -

1 | further failed to comply with California Labor Code §203.  By doing so, Defendants violated
2 | California Labor Code §§201-203.

3 |     74.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover
4 | civil penalties for the violation of provisions of the California Labor Code that contain their own
5 | civil penalties.  California Labor Code §2699 contains the civil penalties collectable under
6 | PAGA for violations of California Labor Code §§201-203.  California Labor Code §§256 and
7 | 2699 contain the civil penalties collectable under PAGA for violation of California Labor Code
8 | §§201-203.  Accordingly, Plaintiff seeks the civil penalties permitted through California Labor
9 | Code §§256 and 2699, as applicable, for Defendants' violations of California Labor Code §§201-
10 | 203.

11 |     75.    Plaintiff requests penalties against Defendants for their violations of California
12 | Labor Code §§201-203 as provided under PAGA, plus reasonable attorneys' fees and costs, in
13 | amounts to be proven at trial.

14 | **NINTH CAUSE OF ACTION**

15 | **For Violation of California Labor Code §204 Brought Under PAGA**
16 | **Against All Defendants by Plaintiff on a Private Attorneys General Basis**
**(PAGA Late Wages Claim)**

17 |     76.    Plaintiff repeats and incorporates herein by reference each and every allegation
18 | contained above, as though fully set forth herein.

19 |     77.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion
20 | letter, Defendants failed to comply with the timing requirements of California Labor Code §204
21 | with respect to Plaintiff and their Faculty Employees.

22 |     78.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover
23 | civil penalties for the violation of provisions of the California Labor Code that contain their own
24 | civil penalties.  California Labor Code §2699 contains the civil penalties collectable under
25 | PAGA for violations of California Labor Code §§201-203.  California Labor Code §§210 and
26 | 2699 contain the civil penalties collectable under PAGA for violation of California Labor Code
27 | §204.  Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code
28 | §§210 and 2699, as applicable, for Defendants' violations of California Labor Code §204.

1    79.    Plaintiff requests penalties against Defendants for their violations of California

2  Labor Code §204 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts

3  to be proven at trial.

4  **TENTH CAUSE OF ACTION**

5  **For Violation of California Labor Code §226 Brought Under PAGA**
**Against All Defendants by Plaintiff on a Private Attorneys General Basis**

6  **(PAGA Late Wages Claim)**

7    80.    Plaintiff repeats and incorporates herein by reference each and every allegation

8  contained above, as though fully set forth herein.

9    81.    California Labor Code §226(a) sets forth reporting requirements for employers

10  when they pay wages. In relevant part, it states:

11    Every employer shall ... at the time of each payment of wages, furnish each of his
    or her employees ... an accurate itemized statement in writing showing (1) gross

12    wages earned, (2) total hours worked by the employee, except for any employee
    whose compensation is solely based on a salary and who is exempt from payment

13    of overtime under subdivision (a) of Section 515 or any applicable order of the
    Industrial Welfare Commission, (3) the number of piece-rate units earned and any

14    applicable piece rate if the employee is paid on a piece-rate basis, (4) all
    deductions, provided that all deductions made on written orders of the employee

15    may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

16    dates of the period for which the employee is paid, (7) the name of the employee
    and only the last four digits of his or her social security number or an employee

17    identification number other than a social security number, (8) the name and
    address of the legal entity that is the employer ..., and (9) all applicable hourly

18    rates in effect during the pay period and the corresponding number of hours

19    worked at each hourly rate by the employee and, beginning July 1, 2013, if the
    employer is a temporary services employer as defined in Section 201.3, the rate of

20    pay and the total hours worked for each temporary services assignment. The

21    deductions made from payments of wages shall be recorded in ink or other
    indelible form, properly dated, showing the month, day, and year, and a copy of

22    the statement and the record of the deductions shall be kept on file by the
    employer for at least three years at the place of employment or at a central

23    location within the State of California.

24

25    82.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion

26  letter, Defendants furnished to Plaintiff and their Faculty Employees (regardless of whether they

27  were on-line/virtual) and continues to furnish wage statements that fail to comply with the

28  California Labor Code §226(a) as a result of omission of certain required information and/or

- 22 -

1  inaccurate reporting of required information.

2      83.    Moreover, during the year immediately preceding the date of Plaintiff's PAGA

3  exhaustion letter, Plaintiff provided a written request to Defendants to permit her to inspect

4  and/or copy records set forth in California Labor Code §226(a).  Defendants both failed to

5  comply with Plaintiff's request, and upon information and belief other Faculty Employees who

6  have made the same request, a violation of California Labor Code §226(c).

7      84.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover

8  civil penalties for the violation of provisions of the California Labor Code that contain their own

9  civil penalties.  California Labor Code §2699 contains the civil penalties collectable under

10 PAGA for violations of California Labor Code §226.  Accordingly, Plaintiff seeks the civil

11 penalties permitted through California Labor Code §§226 and 2699, as applicable, for

12 Defendants' violations of California Labor Code §226.

13     85.    Plaintiff requests penalties against Defendants for their violations of California

14 Labor Code §226 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts

15 to be proven at trial.

16                    **ELEVENTH CAUSE OF ACTION**

17     **For Violation of California Labor Code §1198 Brought Under PAGA**
   **Against All Defendants by Plaintiff on a Private Attorneys General Basis**
18                       **(PAGA §1198 Claim)**

19     86.    Plaintiff repeats and incorporates herein by reference each and every allegation

20 contained above, as though fully set forth herein.

21     87.    California Labor Code §1198 provides that "[t]he employment of any employee

22 … under conditions of labor prohibited by the [wage] order is unlawful."

23     88.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion

24 letter, Defendants violated California Labor Code §1198 by failing to (i) pay proper minimum

25 wages to Plaintiff and other non-exempt Faculty Employees, in violation of the "Hours and Days

26 of Work" section of the IWC Wage Order; (ii) maintain accurate payroll recordkeeping for

27 Plaintiff and other Faculty Employees (regardless of whether they were on-line/virtual), in

28 violation of the "Records" section of the IWC Wage Order; and (iii) maintain and/or provide

- 23 -

1   accurate time keeping records for Plaintiff and other Faculty Employees, in violation of the

2   "Records" section of the IWC Wage Order.

3        89.    PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to

4   be levied against California employers for violations of California Labor Code provisions that do

5   not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at

6   the time of the alleged violation, the person employs one or more employees, the civil penalty is

7   one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation

8   and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

9   violation."  California Labor Code §1198 does not provide its own civil penalties.  Because

10  Defendants are employers that currently employ one or more employees, the civil penalties set

11  forth in California Labor Code §2699(f)(2) apply to each of Defendants' violations of California

12  Labor Code §1198.

13       90.    Plaintiff requests penalties against Defendants for their violation of California

14  Labor Code §1198 as provided under PAGA, plus reasonable attorneys' fees and costs, in

15  amounts to be proved at trial.

16                          **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiff requests entry of judgment, on behalf of herself and the other

18  California employees, against each Defendant, jointly and severally, as follows:

19                          Class Certification

20  1.   -   That this action be certified as a class action;

21  2.        That Plaintiff be appointed as the representative of the Faculty Class, Waiting

22  Time Sub-Class, and Pay Stub Class; and

23  3.        That counsel for Plaintiff be appointed as counsel for the Faculty Class, Waiting

24  Time Sub-Class, and Pay Stub Class.

25                          On the First Cause of Action

26  1.        For reimbursement of expenditures and losses under California Labor Code

27  §2802(a) according to proof and to the extent permissible;

28

- 24 -

FIRST AMENDED CLASS ACTION COMPLAINT

1    2.    For reasonable attorneys' fees and costs that Plaintiff and members of the Faculty

2  Class are entitled to recover under California Labor Code §2802(c);

3    3.    For interest that Plaintiff and members of the Faculty Class are entitled to recover

4  under California Labor Code §2802(b); and

5    4.    For such other and further relief as the Court deems proper.

6                          On the Second Cause of Action

7    1.    For repayment of wages and liquidated damages, under the Second Cause of

8  Action, to Plaintiff and members of the Faculty Class under California Labor Code §§1194 and

9  1194.2 according to proof and to the extent permissible;

10    2.    For payment of penalties to Plaintiff and members of the Waiting Time Sub-Class

11  under California Labor Code §203 according to proof and to the extent permissible;

12    3.    For pre-judgment interest to Plaintiff and members of the Faculty Class on any

13  unpaid wages due from the day that such amounts were due under California Labor Code §1194;

14    4.    For reasonable attorneys' fees that Plaintiff and members of the Faculty Class are

15  entitled to recover under California Labor Code §1194;

16    5.    For costs of suit incurred herein that Plaintiff and members of the Faculty Class

17  are entitled to recover under California Labor Code §1194; and

18    6.    For such other and further relief as the Court deems proper.

19                          On the Third Cause of Action

20    1.    For penalties according to proof under California Labor Code §203 to Plaintiff

21  and members of the Faculty Class;

22    2.    For reasonable attorneys' fees;

23    3.    For costs of suit incurred herein; and

24    4.    For such other and further relief as the Court deems proper.

25                          On the Fourth Cause of Action

26    1.    For penalties and damages according to proof under California Labor Code

27  §226(e) to Plaintiff and Pay Stub Class members;

28    2.    For injunctive relief under California Labor Code §226(h);

- 25 -

3.    For reasonable attorneys' fees;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and members of the Faculty Class for their failures to pay all wages and provide reimbursements over the last four years in an amount according to proof;

2.    For pre-judgment interest on any unpaid wages and indemnifications due from the day that such amounts were due;

3.    For reasonable attorneys' fees that Plaintiff and members of the Faculty Class are entitled to recover under California Labor Code §§218.5, 1194, 2802, and California Code of Civil Procedure §1021.5;

4.    For costs of suit incurred herein that Plaintiff and members of the Faculty Class are entitled to recover under California Labor Code §§218.5, 1194, and 2802; and

5.    For such other and further relief as the Court deems proper.

On the Sixth through Eleventh Causes of Action

1.    For penalties according to proof;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial in this matter.

Dated: January 27, 2015                    ROBBINS ARROYO LLP
                                           THE DENTE LAW FIRM


                                           By: /s/ Diane E. Richard
                                               DIANE E. RICHARD

                                           Attorneys for Plaintiff Carmin Tandy

1006438

- 26 -

FIRST AMENDED CLASS ACTION COMPLAINT

# Exhibit A



**ROBBINS ARROYO** LLP

600 B Street, Suite 1900
San Diego, CA 92101
619.525.3990 phone
619.525.3991 fax
www.robbinsarroyo.com

December 24, 2014

**VIA CERTIFIED U.S. MAIL**
**RETURN RECEIPT REQUESTED**

California Labor & Workforce
Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

Apollo Education Group, Inc.
4025 S. Riverpoint Parkway
Phoenix, AZ 85040

The University of Phoenix, Inc.
4025 S. Riverpoint Parkway
Phoenix, AZ 85040

       Re:    Notice of Claims/Labor Code Private Attorneys General Action of 2004,
              California Labor Code §2698, et seq.

To:   California Labor & Workforce Development Agency, Apollo Education Group, Inc., and
      The University of Phoenix, Inc.:

      The Dente Law Firm and Robbins Arroyo LLP represent Carmin Tandy, a former employee of Apollo Education Group, Inc. and The University of Phoenix, Inc. (hereinafter referred to as "Employers") in California. This letter is intended to constitute notice of claims, including notice pursuant to the California Labor Code Private Attorneys General Act of 2004, California Labor Code §2698, *et seq.* ("PAGA"), that Ms. Tandy intends to bring a civil action seeking civil penalties under PAGA on behalf of herself, other current and/or former California on-line/virtual instructors ("Faculty") [1] unless otherwise noted of a different category, and the State of California for Employer's violations of California Labor Code §§201, 202, 203, 204, 226, 1197, 1198, and 2802 of the California Labor Code.

**Violations of California Labor Code Sections 1197 and 1198:**

      Section 1197 provides that the payment of less than minimum wage is unlawful. Section 1198 provides that the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees. The "Minimum Wages" section of the applicable IWC Wage Order provides that every employer must pay to each employee on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the pay period whether the remuneration is measured by time, piece, commission, or otherwise. Since at least the year immediately preceding the date of this letter, Employers failed to pay Ms. Tandy

---

[1] Plaintiff's job title used interchangeably was "Faculty," "Faculty Member," and "Instructor."



and other California non-exempt on-line/virtual Faculty employees at least minimum wage for all time worked including, but not limited to, through its actions of: (i) failing to pay for time spent working other than time spent for classroom work (such as the failure to pay for administrative, non-classwork including but not limited to reading, responding to, drafting documents and correspondences and performing other work relating to employment policies and procedures matters, faculty contract matters, performance reviews, academic violation issues, classroom issues, faculty administration, attendance matters, assigned module work, action plans, performance management matters, meeting contractual obligations, IT matters, purchasing and maintaining supplies, tools and equipment, reporting matters, and coaching matters); and (ii) failing to pay for work performed during initial classes despite being required to work during this time as part of a mentor/training-type program. Ms. Tandy seeks remedies for these violations including civil penalties.

**Violation of California Labor Code Section 2802:**

Section 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Under Section 2802(a), Employers are required to indemnify all its employees for all expenditures and losses incurred by employees in direct consequence of the discharge of their duties or obedience to the directions of Employer, including, but not limited to, all tools and equipment required to be purchased, maintained, or used in performance of their work for Employers. Since at least the year immediately preceding the date of this letter, Employers have not provided indemnification for these expenditures and/or losses, thus violating Section 2802. These expenditures and losses include, but are not limited to, all tools and equipment required to be purchased and/or used in the performance of their work for Employers including computer(s), computer-related equipment and software, printer, printer ink and printer cartridge, internet, personal e-mail account expenses, and telephone and related expenses. Employers did not provide indemnification for these expenditures and/or losses but required Ms. Tandy and other California on-line/virtual Faculty employees to provide such tools, supplies and equipment. Employers for example require California on-line/virtual Faculty employees, including Ms. Tandy to supply computers, printers, and communication devices and programs (such as internet, email and a working telephone) and programs for work and do not provide these to them or provide reimbursement to California on-line/virtual Faculty employees for expenditures or losses associated with this requirement. Ms. Tandy and other California on-line/virtual Faculty employees have been required to, and did, supply at a cost to them, without any reimbursement from Employers, computer(s), computer-related equipment and software, printer, printer ink and printer cartridge, internet, personal e-mail account expenses, and telephone and related expenses. Ms. Tandy seeks remedies for these violations including civil penalties.

**Violations of California Labor Code Section 201, 202, and 203:**

Labor Code §§201 and 202 set forth the timing requirements for the payment of wages due upon an employee's separation of employment. Labor Code §203 furthermore provides that

Notice of Claims
December 24, 2014
Page 3

a waiting time penalty must be paid should the timing requirements in Labor Code §§201 and/or
202 not be complied with. Since at least the year immediately preceding the date of this letter,
Employers have not paid Ms. Tandy and other California non-exempt on-line/virtual Faculty
employees all wages due upon separation of employment and by the times set forth in Labor
Code §§201 and 202 as applicable as a result of the not paying wages as discussed herein. Since
at least the year immediately preceding the date of this letter, Employers have not paid Ms.
Tandy and other California non-exempt on-line/virtual Faculty employees the penalty set forth in
Labor Code §203 for its failure to pay wages as required in Labor Code §§201 and 202  Ms.
Tandy seeks remedies for these violations including civil penalties.

### Violations of California Labor Code Section 204:

Labor Code §204 requires that wages be paid within the timing requirements set forth in
the statute. Since at least the year immediately preceding the date of this letter, Employers failed
to comply with the timing requirements under Labor Code §204 in that wages are paid after the
times set for in §204. Labor performed between the 1st and the 15th days, inclusive, of any
calendar month was and is not paid for between the 16th and the 26th day of the month during
which the labor was performed, and labor performed between the 16th and the last day, inclusive,
of any calendar month, was and is not paid for between the 1st and the 10th day of the following
month. Moreover, the wages are not paid within seven calendar days following the close of the
payroll period. Employers pay California Faculty employees without any regard to when work is
performed and without any regard to the close of the payroll period. For example, Employers
pay one installment of Faculty employees' wages after all work for the class has been fully
completed and uploaded regardless of when the work was performed and without any regard to
the close of the payroll period. As a result, often times, Employers hold onto wages for a longer
time than permitted under Labor Code §204. Ms. Tandy seeks remedies for these violations
including civil penalties.

### Violation of Sections 226(a) and 1198:

Section 226(a) states in pertinent part that: "Every employer shall ... at the time of each
payment of wages, furnish each of his or her employees ... an accurate itemized statement in
writing showing (1) gross wages earned, (2) total hours worked by the employee ..., (3) the
number of piece-rate units earned and any applicable piece rate if the employee is paid on a
piece-rate basis, (4) all deductions ..., (5) net wages earned, (6) the inclusive dates of the period
for which the employee is paid, (7) the name of the employee and only the last four digits of his
or her social security number or an employee identification number ..., (8) the name and address
of the ... employer ..., and (9) all applicable hourly rates in effect during the pay period ...."
Additionally, the "Records" section of the applicable IWC Wage Order requires accurate
recordkeeping including records relating to time and pay.

Since at least the year immediately preceding the date of this letter, Ms. Tandy and other
California Faculty employees (regardless if they were on-line/virtual) were issued itemized wage
statements that did not comply with the requirements under either Section 226(a), or under the
requirements of the "Records" section of the applicable IWC Wage Order, a violation of Section

Notice of Claims
December 24, 2014
Page 4

1198. The wage statements employers provide and maintain systematically fail to accurately: (i) state the inclusive dates of the period for which the employee is paid – the pay period begin date is omitted from the itemized wage statements issued in years prior to 2014; (ii) state the name of the legal entity that is the employer – the sole employer name on the wage statements issued prior to 2014 is University of Phoenix, whereas the IRS Form W-2's for those years indicate the employer's name of University of Phoenix Inc., whereas the California Secretary of State has the entity name as The University of Phoenix, Inc. and whereas other documents show that the employer's name is Apollo Education Group, Apollo Education Group, Inc. and/or Apollo Group, and in 2014, both Apollo Education Group and University of Phoenix is listed on the wage statements, whereas the California Secretary of State has Apollo listed as Apollo Education Group, Inc. and UOP listed as The University of Phoenix, Inc.; and (iii) itemize all gross and net wages earned, and the applicable hourly rates in effect each pay period and/or the corresponding number of hours worked at each hourly rate including the rate of pay, the number of piece-rate units when applicable, the total hours worked by the employee, and the accurate inclusive pay period begin and end dates associated with the payment of the wages – for example in 2013, the Earnings Statement provided to Ms. Tandy with an advice date of 12/27/2013 and a period ending date of 12/21/13 does not include a pay period begin date, and does not indicate an hourly rate of pay for the Classroom Payment (but rather indicates a flat sum payment) nor hours worked for the associated Classroom Payment; and as a further example, in 2014, the Pay Statement issued to Ms. Tandy with a pay date of 2/21/2014, indicates that it is for a period start date of 2/2/14 and a period end date of 2/15/14, but this Pay Statement lists Ms. Tandy's Pay Rate as $0.00, her Hours as 0.0000, her Total Hours as 0.0000, and further lists two flat sum amounts without any reference to which inclusive pay periods these flat sum amounts are for, the associated hourly rate of pay, and the associated hours worked. These systematic errors make it difficult for employees to determine whether they have been properly paid, what time periods they are being paid for and whether they are being paid timely, whether their hours are reported correctly, and who the exact employing legal entities are. These errors certainly require employees to review other documents and information to attempt to ascertain the information that should have been reported on the wage statements. By engaging in such conduct, Employers violated Sections 226(a) and 1198. Ms. Tandy seeks remedies for these violations including civil penalties.

**Violation of Section 1198:**

The "Records" section of the applicable IWC Wage Order requires Employers to record work times for Faculty employees. Since at least the year immediately preceding this letter, Employers have failed to do so. By engaging in such conduct, Employers violated Section 1198. Ms. Tandy seeks remedies for these violations including civil penalties.

Notice of Claims
December 24, 2014
Page 5

**Applicable PAGA Civil Penalty:**

PAGA, specifically Section 2699(a), permits an aggrieved employee to recover civil penalties set forth within the California Labor Code for violations of the California Labor Code. In addition, Section 2699(f) establishes civil penalties for violations of California Labor Code provisions that do not contain their own civil penalties. Ms. Tandy intends to bring a civil action to recover civil penalties for the violations identified above, including civil penalties pursuant to Section 2699(f), as well as those civil penalties specifically set forth within the text of the California Labor Code. These penalties are sought for violations committed against Ms. Tandy and other California employees as described herein as well as on behalf of the State of California.

Please feel free to contact the undersigned with any questions you may have.

Very truly yours,

Diane E. Richard

cc:     Matthew S. Dente, Esq. (via e-mail)

1002316